**DIEMER & WEI, LLP**
Kathryn S. Diemer (#133977)
Paul J. Johnson (#320642)
Wing C. Dam (#337994)
55 S. Market Street, Suite 1420
San Jose, California 95113
Telephone: (408) 971-6270
Facsimile: (408) 971-6271

Attorneys for Defendants,
ColigoMed, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| National Specialty Pharmacy, LLC, a limited liability company,<br><br>  Plaintiff,<br><br>vs.<br><br>Sameer Padhye, an individual, Maybelline Sana, an individual, Rayne Bridges, an individual, Abhinay Padhye, an individual, ColigoMed, Inc., a Delaware corporation, Enlil, Inc., a Delaware corporation, and Does 1-50.<br><br>  Defendants. | Case No. 5:23-CV-4357<br><br>**DEFENDANT COLIGOMED'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**Date: November 30, 2023**<br>**Time: 10:00 a.m.**<br>**Judge: Honorable P. Casey Pitts**<br>**Place: Courtroom 8, 4th Floor, San Jose Federal Courthouse** |

TABLE OF CONTENTS

I. Introduction .................................................................................................................. 1

II. Summary of Allegations ............................................................................................. 2

III. Legal Argument .......................................................................................................... 3

    A. Plaintiff Fails to State a Claim for Tortious Interference ................................... 4

    B. Plaintiff Did Not State a Cause of Action for Conversion Against ColigoMed .............. 4

    C. Plaintiff Did Not State a Cause of Action for Conspiracy to Convert Against ColigoMed ................................................................................................................... 5

    D. Plaintiff Did not State a Cause of Action Against ColigoMed for a Cause of Action for Misappropriation of Trade Secrets (18 U.S.C. § 1836) ............................... 6

    E. Plaintiff did not State a Cause of Action for Unfair Business Practices (California Business and Professions Code § 17200) ................................................................. 7

    F. Plaintiff's Causes of Action Against ColigoMed May be Pre-empted by the California Uniform Trade Secrets Act ("CUTSA") ................................................................... 7

IV. Conclusion ................................................................................................................... 8

# TABLE OF AUTHORITIES

Cases

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.* 7 Cal.4th 503, 510-511 (1994) ................... 5
*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ............................................................................. 3
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) .............................................................. 3
*Digital Envoy, Inc. v. Google, Inc.*, 370 F.Supp.2d 1025, 1033-35 (N.D. Cal. 2005) .................. 7
*Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995-96 (9th Cir. 2014) ......... 3
*Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) ..................................... 3
*IIG Wireless, Inc. v. Yi* 22 Cal.App.5th 630, 652 (2018) ............................................................. 5
*K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*, 171 Cal.App.4th 939, 955 (2009) ................................................................................................................................................. 7
*Lee v. Hanley*, 61 Cal. 4th 1225, 1240 (2015) ........................................................................... 4
*Quelimane Co. v. Stewart Title Guar. Co.*, 19 Cal. 4th 26, 55 (1998) ......................................... 4

Statutes

18 U.S.C. § 1836 ........................................................................................................................ 6
18 U.S.C. § 1839 ........................................................................................................................ 6
Cal. Civ. Code §§ 3426 et seq. .................................................................................................... 7
California Business and Professions Code § 17200 .................................................................... 7
Penal Code § 493 ........................................................................................................................ 5

Rules

Fed. R. Civ. P. 12(b)(6) .............................................................................................................. 3

PLEASE TAKE NOTICE that on November 30, 2023, at 10:00 am, or as soon thereafter as the matter may be heard before the Honorable Magistrate Judge P. Casey Pitts at Courtroom 8, 4th Floor, San Jose, Federal Courthouse, located at 280 S 1st St San Jose, CA 95113, Defendant ColigoMed, Inc. will, and hereby does, move this Court for an order granting this Motion to Dismiss Plaintiff's First Amended Complaint. The motion is based on this Notice, the Memorandum of Points and Authorities, the Declaration of Paul Johnson and the Proposed Order.

### Issues to Be Decided

**1.** Did Plaintiff state a claim for tortious interference against ColigoMed?

**2.** Did Plaintiff state a claim for conversion against ColigoMed?

**3.** Did Plaintiff state a claim for conspiracy to convert against ColigoMed?

**4.** Did Plaintiff state a claim for misappropriation of trade secrets against ColigoMed?

**5.** Did Plaintiff state a claim for unfair business practices under California Business and Professions Code § 17200 against ColigoMed?

### Memorandum of Points and Authorities

I.   **Introduction**

This matter apparently involves a dispute between Plaintiff National Specialty Pharmacy ("NSP") and a number of its former employees. Defendant ColigoMed, Inc. ("ColigoMed") is a software company that operates in the healthcare space that Plaintiff inexplicably roped into this action. Plaintiff fails to allege any facts regarding ColigoMed's involvement in any of the purported conduct discussed throughout its Complaint. Defendant ColigoMed, Inc. hereby moves to dismiss under F.R.C.P 12(b)(6) based on Plaintiff National Specialty Pharmacy's failure to state a claim against ColigoMed, Inc.

ColigoMed previously filed a motion to dismiss as to the original complaint. Doc. No. 1. On the same day, and apparently approximately contemporaneously with ColigoMed's filing of the motion to dismiss, Plaintiff filed a First Amended Complaint ("FAC"). Doc. No. 7. The FAC addressed none of the issues raised in ColigoMed's original motion to dismiss.

II. **Summary of Allegations**

Plaintiff NSP identifies itself as a "compounding pharmacy providing various life-saving drugs to patients nationwide. Plaintiff's First Amended Complaint ("FAC.") ¶ 19. According to the FAC, three of the individual Defendants are former employees of NSP. Sameer Padhye ("Padhye") worked as the Chief Strategy Officer between September 2022 and June 22, 2023, Maybelline Sana ("Sana") worked as a pharmacy technician between May 21, 2018 and July 14, 2023, Rayne Bridges ("Bridges") worked as a Lead Sales Account Executive between December 6, 2022 and June 28, 2023, and Benjamin Brown ("Brown") worked as "Marketing and Content Manager" from January 11, 2023 and the complaint implied the he resigned on August 28, 2023 ( FAC, ¶¶ 29, 30, 31, 32). Abhinay Padhye ("A-Padhye") is purportedly Padhye's brother who resides in India.

NSP lists a number of allegations against Padhye, Sana, Bridges, and Brown, claiming that they schemed to steal NSP's confidential and trade secret information and use such information to, directly or indirectly, compete with and economically harm NSP, among other allegations. It further alleges that Padhye misrepresented his understanding of the pharmaceutical industry and ability to grow Plaintiff's business and, during his employment at NSP, ultimately displayed none of the expertise he initially purported to have. FAC, ¶¶ 27-29.

None of these claims are allegations of conduct by ColigoMed, or even related to ColigoMed. NSP has not alleged any facts, which state, much less establish, any legally significant connection between ColigoMed and the conduct alleged or the Defendants as a whole. Plaintiff insists that ColigoMed is somehow associated with the actions on the other Defendants based on an empty, unsubstantiated claim "on information and belief" that on "information and belief, Defendant A-Padhye also owns and/or controls Coligomed and that Coligomed acted as a conduit and/or recipient of beneficiary [sic] of improperly obtain company propriety [sic] property." FAC ¶ 8. In reality, public records from the California Secretary of State confirm that neither Padhye nor A-Padhye has any ownership interest in ColigoMed and neither of their names are listed anywhere on ColigoMed's Statement of Information. See Johnson Decl., Ex. 1 and Request for Judicial Notice.

1  ColigoMed's counsel attempted to meet and confer with Plaintiff's counsel before filing this motion to dismiss and the prior motion to dismiss the first amended complaint, but received no response from NSP's attorney to the request to meet and confer letters. Johnson Decl., Ex. 2.

### III. Legal Argument

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To withstand a motion to dismiss brought under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action" such that the factual allegations "raise a right to relief above the speculative level." Id. at 555 (citations and internal quotation marks omitted); see also *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (reiterating that "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). "A Rule 12(b)(6) dismissal 'can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"Establishing the plausibility of a complaint's allegations is a two-step process that is 'context-specific' and 'requires the reviewing court to draw on its judicial experience and common sense.'" *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995-96 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679). "First, to be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Id*. at 996 (*quoting Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). "Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Id. (quoting *Baca*, 652 F.3d at 1216); see also *Iqbal*, 556 U.S. at 681. But "'[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between

possibility and plausibility of entitlement to relief.'" *Eclectic Props. E., LLC*, 751 F.3d at 996 (quoting *Iqbal*, 556 at U.S. 678).

In the present case, Plaintiff attempted to allege a wide variety of supposed wrongs and unethical conduct by several of its former employees. Plaintiff does *not* adequately allege *any* wrongful act committed by Defendant ColigoMed.

### A. Plaintiff Fails to State a Claim for Tortious Interference

The elements of tortious interference are (1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach of disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." *Quelimane Co. v. Stewart Title Guar. Co.*, 19 Cal. 4th 26, 55 (1998) (internal quotation marks omitted)

In *Gottex Fund Mgmt. v. MKA Real Estate Opportunity Fund I, LLC*, 2013 U.S. Dist. LEXIS 198440 (C.D. Cal. 2013), the defendant filed a motion to dismiss arguing that the plaintiff failed to adequately plead a claim for tortious interference. The defendant argued that plaintiff did "not adequately identified the contracting parties and contracts." Id at * 8. Gottex only alleged that plaintiff "contracted with numerous vendors who supply services," and that defendant interfered with these contracts. The *Gottex* court granted the motion to dismiss.

*Gottex* is similar to the matter at hand. As in *Gottex*, Plaintiff failed to identify the contracts with which ColigoMed allegedly interfered. Compl. ¶¶ 79-80. Plaintiff failed the basic requirement of identifying what "intentional acts" ColigoMed did to interfere with any of Plaintiff's unidentified contracts. Plaintiff has not stated a cause of action for tortious interference against ColigoMed.

### B. Plaintiff Did Not State a Cause of Action for Conversion Against ColigoMed

Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages[.]" *Lee v. Hanley*, 61 Cal. 4th 1225, 1240 (2015) (internal quotation marks omitted).

In the present case the Plaintiff completely fails to allege any facts for any of the elements of conversion, other than ownership, and even that is vague. The sole allegations

related to conversion are that NSP owned and possessed certain "Confidential Information." Plaintiff identifies no factual information about ColigoMed's alleged interference. The sole allegation supportive of the cause of action is the bare allegation of interference with no facts: "Defendants wrongfully interfered with" the confidential information, trade secrets, third-party information, and other property information and other monies and property. FAC, ¶ 83.

The complaint is replete with allegations about what Plaintiff's former employees supposedly did with respect to things like Plaintiff's payroll information. There are no allegations about anything ColigoMed allegedly did.

### C. Plaintiff Did Not State a Cause of Action for Conspiracy to Convert Against ColigoMed

Conspiracy is not a separate cause of action, but rather a "legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 510-511 (1994). Specifically, a showing of conspiracy requires evidence "that each member of the conspiracy acted in concert and came to a mutual understanding to accomplish a common and unlawful plan, and that one or more of them committed an overt act to further it." *IIG Wireless, Inc. v. Yi* 22 Cal.App.5th 630, 652 (2018) (internal citations omitted).

Plaintiff failed to allege that ColigoMed, specifically, was aware of, or agreed to any plan to appropriate or convert Plaintiff's property.

Plaintiff's sole allegation related to ColigoMed's alleged conspiracy is a bare allegation of a violation of an irrelevant California Penal Code Section: that Defendants conspired to "appropriate, take, or otherwise convert property of Plaintiff in violation of Penal Code § 493, and 502(c)." FAC., ¶ 86. California Penal Code §493 relates to the valuation of the theft of a ticket on a form of public transportation.

> If the thing stolen is any ticket or other paper or writing entitling or purporting to entitle the holder or proprietor thereof to a passage upon any railroad or vessel or other public conveyance, the price at which tickets entitling a person to a like passage are usually sold by the proprietors of such conveyance is the value of such ticket, paper, or writing.

Cal. Pen. Code, § 493

Nothing in this Complaint has anything to do with any claims about any form of public transportation, much less the taking of a ticket related to railroads, boats, buses, cable cars, cars or horses. This citation remains in Plaintiff's FAC despite ColigoMed's prioer motion pointing out that it is totally irrelevant.

California Penal Code § 502(c) relates to computer crimes and improper access to computer systems. Plaintiff does not allege that ColigoMed accessed any of its computer systems at all, much less illegally.

Plaintiffs have not met their burden of proof as to the conspiracy allegations as to ColigoMed.

**D. Plaintiff Did not State a Cause of Action Against ColigoMed for a Cause of Action for Misappropriation of Trade Secrets (18 U.S.C. § 1836)**

The Defend Trade Secrets Act of 2016, codified as 18 U.S.C. § 1836, [hereinafter cited as "DTSA"] authorizes a trade secret owner to file a civil action seeking relief for trade secret misappropriation. A "trade secret" is defined as information that (1) the owner has taken reasonable measures to keep secret and (2) derives independent economic value from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from its disclosure or use. 18 U.S.C. § 1839(3). A trade secret has been "misappropriated" if it has been:

> (1)   acquired by another person who knows, or has reason to know, that the trade secret was acquired by improper means; or (2) disclosed or used by another person without consent by a person who used improper means to acquire the trade secret, knew, at the time of disclosure or use, that the trade secret was (i) derived from or through a person who had used improper means to acquire the trade secret, (ii) acquired under circumstances giving rise to a duty to maintain the secrecy of the trade secret or limit its use, or (iii) derived from or through a person who owed a duty to the person seeking relief to maintain the secrecy of the trade secret or limit its use; or (3) before a material change of position of the person, knew or had reason to know that the trade secret was a trade secret and knowledge of the trade secret had been acquired by accident or mistake.

18 U.S.C. § 1839(5).

"Improper means" primarily consists of theft, bribery, misrepresentation, breach of a duty of a duty to maintain secrecy, or espionage.

Here, Plaintiff alleges that "Defendants, acting in concert and individually, improperly acquired, used, and disclosed the trade secrets." FAC., ¶ 90. This is the exact type of empty, merely conclusive statement that federal courts have routinely rejected under the *Twombly-Iqbal* framework. The Complaint does not allege the basic facts of the identity of the trade secrets, how the trade secrets derive independent economic value by virtue of being not generally known or readily ascertainable through proper means. Furthermore, none of the facts alleged throughout the Complaint suggest that ColigoMed had any knowledge of Plaintiff's trade secrets, let alone ColigoMed's involvement in or knowledge of said trade secrets' purported improper acquisition, use, or disclosure. This lack of basic facts renders the cause of action improperly pled.

E. **Plaintiff did not State a Cause of Action for Unfair Business Practices (California Business and Professions Code § 17200)**

Unfair business practices are defined as "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.

Plaintiff merely states the elements cause of action, claiming that Defendants engaged in "unlawful, unfair, fraudulent, deceptive, untrue, and misleading" behavior while failing to specify what said behavior actually was. Recitation of a string of buzzwords is not sufficient to state a claim against a Defendant. Again, Plaintiff did not allege any facts linking ColigoMed to any of the other Defendants' conduct.

F. **Plaintiff's Causes of Action Against ColigoMed May be Pre-empted by the California Uniform Trade Secrets Act ("CUTSA")**

The California Uniform Trade Secrets Act ("CUTSA")(codified at Cal. Civ. Code §§ 3426 et seq.) prohibits, and provides remedies for, the misappropriation of trade secrets. *Henry Schein, Inc. v. Cook*, 2017 U.S. Dist. LEXIS 29183, 2017 WL 783617, at *2 (N.D. Cal. 2017) (citing Cal. Civ. Code §§ 3426-3426.11). CUTSA preempts a common law claim when it is "based on the same nucleus of facts" as a misappropriation of trade secrets claim. *Digital Envoy,*

*Inc. v. Google, Inc.*, 370 F.Supp.2d 1025, 1033-35 (N.D. Cal. 2005); *K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*, 171 Cal.App.4th 939, 955 (2009).

The preemption inquiry is a factual one, focusing on "whether other claims are no more than a restatement of the same operative facts supporting trade secret misappropriation." *Henry Schein, Inc. v. Cook*, 2017 U.S. Dist. LEXIS 29183, at *5 (N.D. Cal. 2017) (internal quotation marks and citations omitted). Put another way: CUTSA preempts a common law claim when, after the facts relating to trade secrets are removed, there are insufficient facts for the claim to survive. Id. (citing *Axis Imex, Inc. v. Sunset Bay Rattan, Inc.*, 2009 U.S. Dist. LEXIS 2667, 2009 WL 55178, at *5 (N.D. Cal. 2009).

In the present case, Plaintiff's implied that it may be attempting to allege that Defendant ColigoMed was somehow, in some way, related to something to do with Plaintiff's trade secrets. This mere implication arises from Plaintiff's allegations that the individual defendants did things with Plaintiff's "vendor and partner information, proprietary formulas, business processes, pricing strategies, pricing data, marketing methods, other data, computer and software processes and systems for a unique segment of the pharmaceutical industry, and more and that these were unique trade secrets of the Company." FAC, ¶ 88. But the complaint does not adequately allege, as absolutely required by *Iqbal,* that Defendant ColigoMed misappropriated any of these things. Nor does the complaint allege the factual basis for Plaintiff's other claims that it has alleged against ColigoMed. If Plaintiff were to attempt to allege common law tort claims against Plaintiff for misappropriation of its trade secrets, those causes of actions would be barred under CUTSA and Plaintiff could seek relief only under CUTSA. However, as the complaint stands Plaintiff has alleged no facts at all against ColigoMed and so it is unclear whether any claims Plaintiff might be trying to assert are barred by CUTSA, or the subject of a state claim.

ColigoMed raises these issues now to ensure that they are not considered waived and to point out that ColigoMed has no information from the complaint, or frankly anywhere,  to ascertain or argue whether the causes of actions against it are barred by CUTSA because ColigoMed has no understanding of the factual basis of the claims against it, as no facts relating to ColigoMed's alleged actions have been directly pled.

**IV.**     **Conclusion**

1     ColigoMed does not have, and has never had, any involvement in the underlying dispute between Plaintiff and the other Defendants. Plaintiff completely failed to allege any facts and claims against ColigoMed. Plaintiff filed not one, but two, complaints against ColigoMed completely devoid of the factual allegations required by *Iqbal*. For the foregoing reasons, Defendant ColigoMed, Inc. respectfully requests that this court grant its motion to dismiss Plaintiff National Specialty Pharmacy, LLC's as to ColigoMed in its entirety.

Dated: October 6, 2023                          Diemer & Wei, LLP

                                                                     Kathryn S. Diemer,
                                                                     Attorney for Defendant ColigoMed, Inc.