1  Cyrus Johnson (Cal. Bar No. 225797)
   CYRUS JOHNSON ESQ.
2  7300 SH 121 STE. 300
   McKinney, Texas 75070
3  Telephone: (972) 516-4322
   Email: email@cyrusjohnson.com
4
5  Attorney for Plaintiff
   National Specialty Pharmacy, LLC
6
7              UNITED STATES DISTRICT COURT
8              NORTHERN DISTRICT OF CALIFORNIA
                    SAN JOSE DIVISION
9
10
11 NATIONAL SPECIALTY PHARMACY,        Case No. 5:23-cv-04357-PCP
   LLC,
12
              Plaintiff,               **PLAINTIFF'S RESPONSE TO
13                                     DEFENDANT RAYNE BRIDGES'
       v.                              MOTION TO DISMISS**
14
   SAMEER PADHYE, et al.,              Date:     TBD[1]
15                                     Time:     TBD
              Defendants.              Judge:    Hon. P. Casey Pitts
16                                     Location: Courtroom 8, 4th Floor, San Jose
                                                 Federal Courthouse
17
18
19
20
21
22
23
24
25
26
27
   ---
28   [1] The original hearing date of November 28, 2023 was vacated by this Court's Order Reassigning
   Case and the Motion to Dismiss must be re-noticed for hearing. *See* Dkt. 15.

**TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................................. 1

II. BACKGROUND ............................................................................................................... 1

III. APPLICABLE LAW ......................................................................................................... 2

    A. Motions to Dismiss ............................................................................................... 2

IV. ARGUMENT .................................................................................................................... 3

    A. Bridges' Purported Lack of Authority and Access to Accounts Fails to Provide Any Basis to Dismiss Any Claim of the First Amended Complaint ...................... 3

    B. Bridges Cannot Overcome the Well-Pleaded Allegations Regarding Bridges' "Theft" of Plaintiff's Confidential Information .......................................................... 4

    C. This Court Has Jurisdiction Over Defendant Bridges ............................................. 5

    D. Leave to Amend .................................................................................................... 6

V. CONCLUSION ................................................................................................................. 6

Plaintiff National Specialty Pharmacy, LLC's ("NSP" or "Plaintiff") respectfully submits this opposition to Defendant Rayne Bridges' ("Bridges") Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 14)[2].

## ISSUES TO BE DECIDED

1. Should claims asserted against Defendant Bridges by Plaintiff NSP in its First Amended Complaint be dismissed for failure to state a plausible claim for relief?
2. Does the Court lack personal jurisdiction over Defendant Bridges relative to any claim in Plaintiff NSP's First Amended Complaint?

### I. INTRODUCTION

Defendant Bridges' Motion to Dismiss is legally and factually incorrect. The Motion fails to apply the relevant pleading standards and wholly ignores the factual allegations set forth in the First Amended Complaint.

NSP's First Amended Complaint contains detailed and serious allegations explaining the improper conduct of Bridges, a former employee of NSP's, that forms the basis for NSP's claims. The First Amended Complaint satisfies the *Twombly*/*Iqbal* pleading standard and all other procedural and substantive requirements. Bridges' arguments lack merit and the Motion to Dismiss should be denied.

### II. BACKGROUND

Plaintiff NSP is "a compounding pharmacy providing various life-saving drugs to patients nationwide" with "gross revenue [] estimated to be $12M per year." Dkt. 7 at ¶19. NSP filed its Original Complaint on August 23, 2023 and named Rayne Bridges, three other individuals, two corporations, and "Does 1-50" as the defendants. Dkt. 1. NSP then filed a First Amended Complaint on September 15, 2023. Dkt. 7. The First Amended Complaint added Benjamin D. Brown as a named defendant and includes several additional paragraphs of allegations relative to the Original Complaint. *Compare* Dkt. 7, and Dkt. 1. Defendant Bridges then filed the instant

---

[2] It is unclear from Bridges' Motion to Dismiss whether the Motion is directed to Plaintiff's Original Complaint (Dkt. 1) or Plaintiff's First Amended Complaint (Dkt. 7). If the Motion is directed to the Original Complaint, Bridges' Motion was mooted by Plaintiff's filing of its First Amended Complaint. However, out of an abundance of caution, Plaintiff is filing the instant Response to Bridges' Motion.

1   Motion to Dismiss on September 23, 2023 (Dkt. 14)[3]. As of the filing of the instant Response to
2   Bridges' Motion to Dismiss, only Defendant Coligomed, Inc. has filed a response to NSP's First
3   Amended Complaint. *See* Dkt. 17.
4   　　　The First Amended Complaint asserts eight counts against Defendant Bridges: (1) fraud;
5   (2) breach of contract; (3) tortious interference; (4) conversion; (5) conspiracy to convert; (6)
6   misappropriation of trade secrets; (7) unfair business practices; and (8) trade libel. *See generally*
7   Dkt. 7. Relative to Defendant Bridges, the First Amended Complaint describes illegal and
8   unauthorized conduct by Bridges both during and after her employment by NSP as a "Lead Sales
9   Account Executive." *Id.* at ¶31. More specifically, Bridges is accused of stealing or improperly
10  allocating NSP's funds and other valuable property, including damaging NSP's business,
11  goodwill, processes, and reputation by improperly obtaining and distributing NSP's confidential
12  information with the other Defendants and NSP's competitors. *See generally id.* at ¶¶27-63.
13  Bridges also recently engaged in multiple acts of commercial misrepresentation directly aimed at
14  Plaintiff. *See, e.g.*, Dkt. 7 at ¶ 52.
15  　　**III.   APPLICABLE LAW**
16  　　　**A. Motions to Dismiss**
17  　　　A complaint must contain sufficient factual matter "to state a claim to relief that is
18  plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must
19  decide whether the complaint alleges sufficient facts to "raise a right to relief above the
20  speculative level." *Id.* at 555.  The factual allegations pleaded must state a facially plausible
21  claim from which the Court may draw a reasonable inference that the defendant is liable for the
22  misconduct alleged.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "All factual allegations set
23  forth in the complaint 'are taken as true and construed in the light most favorable to [p]laintiffs.'"
24  *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) (quoting *Epstein v. Washington*
25  *Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)).

---

[3] It is unclear from Bridges' Motion to Dismiss whether the Motion is directed to Plaintiff's Original Complaint (Dkt. 1) or Plaintiff's First Amended Complaint (Dkt. 7). If the Motion is directed to the Original Complaint, Bridges' Motion was mooted by Plaintiff's filing of its First Amended Complaint. However, out of an abundance of caution, Plaintiff is filing the instant Response to Bridges' Motion.

## IV. ARGUMENT

Defendant Bridges' Motion to Dismiss fails. Bridges' arguments rely either on (1) procedurally improper attempts to directly refute the allegations of the First Amended Complaint; or (2) sweeping generalizations about the alleged inadequacy of all claims of the First Amended Complaint. Plaintiff NSP is not required to spell out every fact underlying every element of the claims asserted against Bridges merely because Bridges summarily argues that "Plaintiff's Complaint is devoid of any supporting facts to prevail on any claim against Defendant Bridges." Dkt. 14 at 3. Taken as a whole, Plaintiff's allegations meet the *Twombly/Iqbal* standard for stating plausible claims that Defendant Bridges participated in an improper venture with the other Defendants, and took the alleged steps in support of the same.

Nonetheless, Plaintiff NSP will respond to the specific arguments raised in the Motion to Dismiss to demonstrate why those arguments do not undermine the sufficiency of the actual elements of the claims asserted against Bridges.[4]

### A. Bridges' Purported Lack of Authority and Access to Accounts Fails to Provide Any Basis to Dismiss Any Claim of the First Amended Complaint

Despite Bridges' argument to the contrary, **none** of the claims asserted against Bridges in any of the eight counts require that "Bridges have a certain authority and access to the Plaintiff's accounts to satisfy the elements of those counts." Dkt. 14 at 3. It is not clear what Bridges is referring to with the phrase "access to the Plaintiff's accounts," but Bridges was unquestionably an employee of Plaintiff NSP with access to confidential company information as well as personnel, processes, and records. *See* Dkt. 7-1 at 93-106. Presumably Defendant Bridges intended to argue that all of Plaintiff's claims must be dismissed because Bridges lacked some requisite authority or access while employed by NSP, but that argument must fail, at a minimum, because Plaintiff's well-pleaded allegations must be accepted as true at this juncture. *Lee*, 250 F.3d at 679.

---

[4] For example, Plaintiff will not attempt to address Bridges' statement that "[i]t is evident that Plaintiff's discontent with certain higher ranking former employees have poured over Defendant Bridges unjustifiably and have caused the filing of this frivolous action" (Dkt. 14 at 3) or other attempts by Bridges to introduce unsupported facts or irrelevant arguments.

**B. Bridges Cannot Overcome the Well-Pleaded Allegations Regarding Bridges' "Theft" of Plaintiff's Confidential Information**

Bridges' Motion to Dismiss is premised on the incorrect belief that in order to survive a motion to dismiss, Plaintiff's First Amended Complaint must present evidence to prove the veracity of all of the allegations in the First Amended Complaint; however, that belief is in error and is not the standard for a First Amended Complaint. Plaintiff has provided a significant amount of evidence to support its claims, both in the First Amended Complaint itself and Exhibits A and B thereto, where Plaintiff was only required to include "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The First Amended Complaint provides more than adequate allegations regarding Bridges' unauthorized collection and dissemination of NSP's confidential information, improper activities in violation of Defendant's agreements with Plaintiff, and collaboration with the activities of the other Defendants. *See, e.g.*, Dkt. 7 at ¶31 (describing the unusual timing of Bridges' resignations from NSP and the opportunity to improperly collect NSP's confidential information created by that timing); *id.* at ¶¶34-35 (describing the timing of the beginning of Defendants' conspiracy and types of NSP's information and property taken by Defendants, including company funds and proprietary information); *id.* at ¶39 (alleging unapproved "adjustments" to payroll records made by Defendant Bridges); *id.* at ¶51 (describing the locations that Defendants, including Bridges, as non-employees accessed NSP's systems and information); *id.* at ¶52 (describing the false and disparaging statements Bridges made about NSP to others in the industry and attempt to improperly hire an NSP employee). Many of the more detailed facts that concern claims against Defendant Bridges are, by necessity, absent from the First Amended Complaint because they are in the possession of the Defendants or other third parties and Plaintiff expects to and is permitted to use the discovery process to obtain and develop those facts. "[T]he plausibility standard 'does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence supporting the allegation.'" *Clifton v. Pearson Educ., Inc.*, No. 2012 WL 1565236, at *6 (N.D. Cal. May 2, 2012) (quoting *Twombly*, 550 U.S. at 556). The First Amended Complaint plausibly alleges that Defendant Bridges improperly took NSP's confidential information, harmed

Plaintiff's business advantages, goodwill, and reputation, and misdirected company funds in violation of written agreements submitted as exhibits in this case and conspired with the Defendants in the process.

### C. This Court Has Jurisdiction Over Defendant Bridges[5]

The allegations in the First Amended Complaint and the evidence attached in its exhibits elucidate why this Court has personal jurisdiction over Defendant Bridges. However, Bridges surprisingly argues in her Motion to Dismiss that

> [T]he Plaintiff has misrepresented that the Defendants have consented to venue in California, which *is not true for Defendant Bridges*. Defendant Bridges resides in Nevada and *has never consented to a California venue*.
> . . .
> Defendant Bridges *has never consented in writing to have California be the venue* for any disputes in connection with her employment with the Plaintiff.

Dkt. 14 at 2-3 (emphasis added). These arguments by Bridges are patently false. All this Court need do is refer to the employment agreement Bridges entered into with NSP, which was included in Exhibit A to the First Amended Complaint. *See* Dkt. 7-1 at 94-102. In relevant part, that agreement clearly and specifically provides:

> A. *Governing Law; Consent to Personal Jurisdiction.* This Agreement will be governed by the laws of the State of California without regard to California's conflicts of law rules that may result in the application of the laws of any jurisdiction other than California. To the extent that any lawsuit is permitted under this Agreement, ***I hereby expressly consent to the personal and exclusive jurisdiction and venue of the state and federal courts located in California*** for any lawsuit filed against me by the Company."

*Id*. at 101 (emphasis added). As shown in Exhibit A, Bridges signed this agreement with NSP and additionally affixed her initialization to the page with the "Consent to Personal jurisdiction" provision. *Id*. Thus, Plaintiff's allegation in the First Amended Complaint that "Defendant[] . . . Bridges . . .contractually agreed in their respective employment agreement[] that venue is proper

---

[5] Defendant Bridges' Motion to Dismiss invokes Fed. R. Civ. P. 12(b)(5) and (6) for the bases of their Motion to Dismiss (Dkt. 14 at 1), but Plaintiff will presume Bridges meant to invoke Fed. R. Civ. P. 12(b)(2) since Bridges was properly served with the Original Complaint on August 28, 2023. Also, Defendant Bridges argues that "[a] California venue is inconvenient and prejudicial to the Defendant." Dkt. 14 at 2. Plaintiff disagrees with this argument, but will not substantively address it here in the context of a response to a motion to dismiss rather than transfer.

1  in this District" (Dkt. 7 at ¶17) is not only plausibly alleged, but demonstrably true based on the First Amended Complaint itself. This Court has personal jurisdiction over Defendant Bridges.

### D. Leave to Amend

Should the Court find that any part of NSP's First Amended Complaint is somehow legally insufficient, NSP respectfully requests that the Court grant leave to amend its complaint. *See Schultz v. Wal-Mart Stores, Inc.*, 68 Fed. Appx. 130, 131 (9th Cir. 2003) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'") (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### V. CONCLUSION

For all the foregoing reasons, Plaintiff NSP requests that the Court DENY Defendant Bridges' Motion to Dismiss in its entirety.

1  DATED:  October 10, 2023                CYRUS JOHNSON ESQ

2                                          By: /s/ Cyrus J Johnson
                                           Cyrus Johnson (Cal. Bar No. 225797)
3                                          CYRUS JOHNSON ESQ.
                                           7300 SH 121 STE. 300
4                                          McKinney, Texas 75070
                                           Telephone: (972) 516-4322
5                                          Email: email@cyrusjohnson.com

6                                          Attorney for Plaintiff
                                           National Specialty Pharmacy, LLC
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE OF SERVICE

I am over the age of eighteen and not a party to this action. I am an attorney at the law firm of Cyrus Johnson Esq. and my business address is 7300 SH 121 STE. 300, McKinney, Texas 75070.

On October 10, 2023, I served the following document(s) entitled: Plaintiff's Response to Defendant Rayne Bridges' Motion to Dismiss on the interested parties in this action as follows:

Kathryn S. Diemer
Diemer & Wei LLP
55 S. Market Street
Suite 1420
San Jose, CA 95113
kdiemer@diemerwei.com

Attorney for Defendant
Coligomed, Inc.

C. Quinn Adams
Dana J. Finberg
O'Hagan Meyer PLLC
221 Caledonia St.
Sausalito, CA 94965
cadams@ohaganmeyer.com
dfinberg@ohaganmeyer.com

Attorneys for Defendants
Sameer Padhye and Enlil, Inc.

Rayne Bridges
7340 Jelson Falls St.
Las Vegas, NV 89131
951-867-8672
bridgesrayne@gmail.com

Pro Se

X    [By ECF]:  The foregoing document was uploaded via the Court's ECF system;

X    [By Electronic Transmission]:  I caused said document(s) to be sent by electronic transmission to the email addresses indicated for the party(ies) listed above; and

__   [By U.S. Mail]:  I caused said document(s) to be sent by U.S. Mail to the physical addresses indicated for the party(ies) listed above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on October 10, 2023 at McKinney, Texas.

By: */s/ Cyrus Johnson*
Cyrus Johnson