UNITED STATES DISTRICT COURT
for the
NORTHERN DISTRICT OF CALIFORNIA

NATIONAL SPECIALTY PHARMACY, LLC,

        Plaintiff,

vs.

SAMEER PADHYE, et al

        Defendants.
_____/

### DEFENDANT RAYNE BRIDGES'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

COMES NOW Defendant, RAYNE BRIDGES (hereinafter "Defendant"), and hereby replies to Plaintiff's Response to Defendant's Motion to Dismiss and further alleges:

Once more, the Plaintiff's Response to Defendant's Motion to Dismiss is riddled with conclusory statements reciting the standards of drafting a Complaint and offers no factual statements to substantiate any claim against Defendant Bridges.

The Plaintiff's fraud claim against Defendant fails in that Fraud "must be specifically pleaded; a general pleading of the legal conclusion of fraud is insufficient. Every element of the cause of action must be alleged in full, factually and specifically." (*Wilhelm v. Pray, Price, Williams & Russell* (1986) 186 Cal.App.3d 1324, 1331.) In this case, Plaintiff's Complaint does not meet the requirements to plead Fraud against Defendant Bridges.

In fact, the Complaint fails on all counts as it merely recites elements of those counts and attempts to impute liability on Defendant Bridges by asserting blanket allegations against all

Defendants, those which do not apply to Defendant Bridges.

The Plaintiff's Offer Letter to Defendant Bridges, paragraph 7, specifically states: **(a) This offer letter will be governed by the laws of the State of Nevada, applicable to agreements made and to be performed entirely within such state."** Defendant Bridges resides in Nevada, her employment duties were performed in Nevada, and a California venue is inconvenient and prejudicial to the Defendant. If the Employment agreement states something contrary, the employment documents are ambiguous and created uncertainty for the Defendant.

The doctrine of contra proferentem (construing ambiguous agreements against the drafter) applies with even greater force when the person who prepared the writing is a lawyer. See *Mayhew vs. Benninghoff,* 53 Cal.App.4th 1365, 1370 (1997). In this case, the drafter of the legal documents, including the offer letter is Sanjiv Dhawan, Founder, CEO & General Counsel of National Specialty Pharmacy, LLC.

## **CONCLUSION**

Because Plaintiff failed to state any specific facts that would support a any claim against Defendant Bridges, this Honorable Court should dismiss Plaintiff's Claims against Defendants Bridges, with prejudice and award any other relief as it may deem necessary and proper.

Because Plaintiff has failed to establish personal jurisdiction over Defendant Bridges, Plaintiff's Complaint should be dismissed for lack of personal jurisdiction.

Plaintiff's Response to Defendant's Motion to Dismiss is merely a recitation of the unsubstantiated and conclusory statements contained in the Plaintiff's Complaint.

    Respectfully Submitted,

_____
Rayne Bridges
7340 Jelson Falls St.

Las Vegas, NV 89131