UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL SPECIALTY PHARMACY, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAMEER PADHYE, et al.,<br><br>　　　　Defendants. | Case No. 23-cv-04357-PCP<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 14, 17, 28, 44 |

This is a dispute between a Nevada-based Delaware LLC and four of its former employees, two businesses allegedly associated with some of those former employees, and one former employee's brother. Four defendants have filed motions to dismiss. All four motions are granted.

## I.  Background

The following allegations from the complaint are taken as true in resolving this motion.

Plaintiff National Specialty Pharmacy, LLC is a compounding pharmacy. It develops, compounds, markets, and distributes medicines. Defendants Sameer Padhye, Maybelline Sana, Rayne Bridges, and Daniel Brown are former employees of NSP. Ms. Sana was hired as a pharmacy technician in May 2018 and later promoted to run human resources. Mr. Padhye was hired as a strategist in October 2022. Ms. Bridges was hired as an account executive in December 2022. Mr. Brown was hired as a marketing and content manager in January 2023. Mr. Padhye was fired in June 2023. Ms. Bridges, Ms. Sana, and Mr. Brown resigned later that summer.

The complaint alleges that these former employees took NSP's confidential information and other property and transferred it to their affiliated businesses, defendants Coligomed, Inc. and Enlil, Inc. Enlil is owned by Sameer Padhye, and Coligomed is owned by his brother, Abhinay Padhye. The complaint also alleges that Ms. Sana lied to coworkers about NSP executives, that

1  other defendants modified NSP corporate records without permission, and that several of the
2  former employees improperly accessed NSP systems both before and after their terminations.
3  NSP filed the operative complaint in September 2023, which four defendants moved to
4  dismiss. The case was then briefly stayed at NSP's request, after which the Court held a hearing.

## II. Legal Standards

Federal Rule of Civil Procedure 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief," with allegations that are "simple, concise, and direct." A complaint must "plausibly suggest" entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). It must also give "fair notice" and "enable" the defendant "to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). A pleading cannot be "so vague or ambiguous" that an opponent "cannot reasonably prepare a response." *See* Fed. R. Civ. P. 12(e).

A complaint that does not state a claim upon which relief can be granted can be dismissed under Rule 12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable." *Iqbal*, 556 U.S. at 678. Legal conclusions must be "supported by factual allegations." *Id.* at 679. The Court must "accept all factual allegations" and "construe the pleadings in the light most favorable to the nonmoving party." *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009).

## III. Rayne Bridges's Motion To Dismiss for Lack of Personal Jurisdiction Is Granted.

Ms. Bridges is representing herself. She moves to dismiss all claims against her for lack of personal jurisdiction and for failure to state a claim.

Ms. Bridges asserts that she is a Nevada resident. She states that she never performed work in California for NSP, and that she has no other California contacts. NSP bases jurisdiction on Ms. Bridges' employment agreement, which includes the following governing law clause:

> This Agreement will be governed by the laws of the State of California without regard to California's conflicts of law rules…. To the extent that any lawsuit is permitted under this Agreement, I hereby expressly consent to the personal and exclusive jurisdiction and venue of the state and federal courts located in California for any lawsuit filed against me by the Company.

Dkt. No. 1-1, at 100.

United States District Court
Northern District of California

1    Because contract interpretation and enforcement present matters of state law, the Court

2 first applies California's choice of law rules to select the rule of decision. *See Klaxon Co. v.*

3 *Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). California law applies by default unless a party

4 invokes another jurisdiction's law. *Hurtado v. Super. Ct.*, 11 Cal. 3d 574, 581 (1974). Here,

5 neither party invokes another forum's law, so the Court applies California law.

6    Under California law, mandatory forum selection clauses such as the one in Ms. Bridges's

7 contract are "given effect unless enforcement would be unreasonable or unfair." *Verdugo v.*

8 *Alliantgroup, L.P.*, 237 Cal. App. 4th 141, 147 (2015). "A clause is reasonable if it has a logical

9 connection with at least one of the parties or their transaction." *Id.*

10    The Court concludes that California has no logical connection to Ms. Bridges or to her

11 work with NSP. Ms. Bridges is a Nevada resident who asserts that she has no contacts with

12 California. NSP is a Delaware LLC with its principal place of business in Las Vegas, Nevada. Ms.

13 Bridges asserts that she completed all relevant work for NSP entirely within Nevada. And while

14 the complaint asserts that NSP is "registered to do business" in California and has "operations" in

15 the state (along with several others), it is not clear what connection NSP has with California in the

16 context of Ms. Bridges's employment in Nevada—especially since other employment agreements

17 submitted by NSP include a Nevada forum selection clause. *See* Dkt. No. 1-1, at 56 (Ms. Sana's

18 agreement).

19    Accordingly, the California forum selection clause in Ms. Bridges' employment agreement

20 is not reasonable and cannot be enforced. And because the forum selection and personal

21 jurisdiction consent language in the clause are "inextricably bound up," *cf. Verdugo*, 237 Cal.

22 App. 4th at 154, the personal jurisdiction and forum selection provisions of this clause "must be

23 read jointly," *see Lang v. Skytap, Inc.*, 347 F. Supp. 3d 420, 429 (N.D. Cal. 2018) (citing *Verdugo*,

24 at 154). The personal jurisdiction consent clause therefore also cannot be enforced.

25    Absent consent, this Court lacks personal jurisdiction over Ms. Bridges. This Court does

26 not have general personal jurisdiction over Ms. Bridges because she does not live in California.

27 Specific personal jurisdiction is also lacking. "For cases sounding in tort, … a defendant has

28 sufficient minimum contacts with the forum state to establish specific personal jurisdiction if:

3

(1) the defendant purposefully directs activities toward the forum state, (2) the plaintiff's claim arises out of or relates to those activities, and (3) an exercise of jurisdiction would be reasonable." *Burri Law PA v. Skurla*, 35 F.4th 1207, 1212 (9th Cir. 2022). The first element, purposefully directing activities to a state, in turn requires that "a defendant: (1) commits an intentional act, (2) expressly aimed at the forum state, that (3) causes harm the defendant knew was likely to be suffered in the forum state." *Id.* at 1213.

Here, the complaint does not clearly allege any specific intentional acts by Ms. Bridges that were expressly aimed at California, let alone that Ms. Bridges knew these actions would cause harm in California or that NSP's claims against her arise out of any such actions. Accordingly, NSP has not provided any basis for this Court to exercise specific personal jurisdiction over Ms. Bridges. All claims against Ms. Bridges are therefore dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) without prejudice to their refiling in an appropriate jurisdiction.

### IV. Maybelline Sana's Motion To Dismiss for Lack of Personal Jurisdiction Is Granted.

Like Ms. Bridges, Ms. Sana lives in Nevada. Unlike Ms. Bridges, Ms. Sana's employment agreement does not purport to contain a California forum-selection clause.[1] Because Ms. Sana is not a California resident and is not alleged to have consented to personal jurisdiction here, personal jurisdiction over Ms. Sana exists here only if NSP's claims arise out of actions taken by Ms. Sana that were expressly aimed at California and likely to cause harm there.

NSP alleges several ways its claims relate to California. But all but one are contacts by people other than Ms. Sana that provide no basis for the Court to exercise specific personal jurisdiction over her. For example, NSP asserts in its opposition brief (contrary to the complaint) that it has its "corporate residence" in California, that NSP's "ownership" is in California, that defendants Sameer Padhye, Enlil, and Coligomed are all California residents, and that other defendants (but not Ms. Sana) had California forum-selection clauses in their agreements. None of these allegations demonstrate Ms. Sana's own targeting of this California forum.

---

[1] In fact, Ms. Sana's agreement—which NSP attached to its complaint—includes a mandatory *Nevada* forum selection clause. No. 1-1, at 56. Because Ms. Sana has not asked the Court to enforce this clause, however, the Court need not consider whether it applies to this action.

The only alleged California contacts that potentially involve Ms. Sana are that the "target [sic] … of the acts complained of were California entities," and that the "conduct of the improper activities was accomplished within California, by Defendant Padhye, working remotely and electronically from there with Defendant Sana." Opposition, Dkt. No. 48, at 14. But these assertions do not identify any specific conduct by Ms. Sana, as opposed to the other defendants, that was targeted toward California. "On a motion to dismiss, the plaintiff has the burden to show that the Court has jurisdiction. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 741 (9th Cir. 2013). NSP has failed to meet this burden by providing even a prima facie showing of facts suggesting that this Court has specific personal jurisdiction over Ms. Sana. Ms. Sana's motion to dismiss for lack of personal jurisdiction is also therefore granted without prejudice to the refiling of any claims against her in an appropriate forum.

## V. The Remaining Motions To Dismiss for Failure To State a Claim Are Granted.

The corporate defendants—Enlil and Coligomed—do not challenge this Court's jurisdiction. (The complaint alleges that both operate out of Santa Clara County.) Instead, both companies seek dismissal for failure to state a claim under Rule 12(b)(6). The complaint asserts the same five claims against both Coligomed and Enlil, which are addressed in turn below.

### A. Tortious Interference

The first claim asserted against Coligomed and Enlil is for tortious interference with a contract. The elements are "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption…; and (5) resulting damage." *Quelimane Co. v. Stewart Title Guar. Co.*, 19 Cal. 4th 26, 55 (1998).

NSP's complaint for tortious interference against "all Defendants" is too vague to state a claim. The complaint merely asserts that "Defendants" interfered with NSP's "contracts." Compl. ¶ 80. But it does not specify what contracts were interfered with nor does it clearly allege which defendants interfered and how. The tortious interference claims against both Coligomed and Enlil are therefore dismissed with leave to amend. To survive dismissal, any amended complaint must clearly allege facts supporting each element of a claim against each defendant.

5

### B. Conversion and Conspiracy To Convert

The next two claims asserted against the corporate defendants are for conversion and conspiracy to convert. (Because conspiracy is not a separate cause of action but rather an alternate theory of liability the Court addresses these two claims together.) "The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Lee v. Hanley*, 61 Cal. 4th 1225, 1240 (2015).

The conspiracy allegations are again vague and conclusory. This claim is again asserted against "all Defendants" without distinction. The property referenced is "Confidential Information, trade secrets, third-party information, and other proprietary information and other … property." Compl. ¶ 83. There are hardly any specific allegations about either Coligomed or Enlil. The complaint simply asserts that each company "acted as a conduit and/or recipient of beneficiary [sic] of improperly obtained … property." Compl. ¶¶ 8–9. The complaint does not identify any particular property that was allegedly converted by either company, nor does it allege any specific act to wrongfully convert any property. Without such allegations, NSP has failed to state a claim, and the conversion and conspiracy claims are dismissed with leave to amend.

### C. Misappropriation of Trade Secrets

The next claim against the corporate defendants is for misappropriation of trade secrets in violation of the Defend Trade Secrets Act (DTSA), 18 U.S.C. § 1836. "To succeed on a claim for misappropriation of trade secrets under the DTSA, a plaintiff must prove: (1) that the plaintiff possessed a trade secret, (2) that the defendant misappropriated the trade secret; and (3) that the misappropriation caused or threatened damage to the plaintiff." *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 657–58 (9th Cir. 2020). "To prove ownership of a trade secret, plaintiffs must identify the trade secrets and carry the burden of showing they exist." *Id.* (cleaned up). "Plaintiffs must clearly refer to tangible trade secret material instead of referring to a system which potentially qualifies for trade secret protection. Plaintiffs may not simply rely upon 'catchall' phrases or identify categories of trade secrets …." *Id.* (cleaned up).

NSP's misappropriation claim does not meet this requirement. The trade secrets identified

6

in the complaint are "vendor and partner information, proprietary formulas, business processes, pricing strategies, pricing data, marketing methods, other data, computer and software processes and systems …, and more." Compl. ¶ 88. These descriptions do not clearly refer to tangible trade secret material as required. Instead, they are "catchall" categories of the *kinds* of trade secrets that might be at issue. This claim is deficient and is similarly dismissed with leave to amend. In any amended complaint, NSP must identify the specific material alleged to constitute a trade secret (under seal if necessary) and clearly allege facts showing the Coligomed or Enlil took actions that constituted misappropriation.

### D. Unfair Business Practices

The final claim asserted against Coligomed and Enlil is for committing alleged unfair business practices in violation of California's Unfair Competition Law (UCL), Bus. & Prof. Code § 17200 *et seq*. The complaint asserts that "all Defendants … engaged in behavior which was unlawful, unfair, and fraudulent," and which "was also deceptive, untrue, and misleading." Compl. ¶ 95. These barebones allegations do not identify any specific actions taken by Coligomed or Enlil that is alleged to have violated the UCL. The allegations are conclusory and deficient under Rule 8. This claim is therefore dismissed with leave to amend.

### VI. Conclusion

Defendants' motions to dismiss are granted for the reasons set forth above. Because the Court does not have personal jurisdiction over Ms. Bridges or Ms. Sana, these defendants are dismissed from this action. NSP may file an amended complaint to attempt to resolve the shortcomings identified above in its claims against Coligomed and Enlil. An amended complaint, should NSP choose to file one, will be due June 3, 2024.

**IT IS SO ORDERED.**

Dated: May 16, 2024

P. Casey Pitts
United States District Judge