NITOJ P. SINGH (SBN: 265005)
nsingh@dhillonlaw.com
ANTHONY J. FUSARO, JR. (SBN: 345017)
afusaro@dhillonlaw.com
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, California 94108
Tel: (415) 433-1700
Fax: (415) 520-6593

*Attorneys for Plaintiff*
*National Specialty Pharmacy, LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

NATIONAL SPECIALTY PHARMACY, LLC

*Plaintiff*,

vs.

SAMEER PADHYE, an individual; BENJAMIN D. BROWN, an individual; and DOES 1 to 49, inclusive,

*Defendants*.

Case Number: 5:23-cv-04357-PCP

**NOTICE OF MOTION AND ADMINISTRATIVE MOTION PURSUANT TO N.D. CAL. CIV. L.R. 7-11 TO CONTINUE TRIAL AND ALL TRIAL-RELATED DEADLINES; MEMORANDUM OF POINTS AND AUTHORITIES**



**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT, pursuant to Rule 7-11 of the Civil Local Rules of the Northern District of California, Plaintiff National Specialty Pharmacy, LLC hereby moves this Court for an order continuing the trial and all trial-related deadlines in this Action. This Administrative Motion is made on the grounds that, pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, there exists good cause necessitating the postponement of trial and all related pretrial deadlines by 21 days, or to a date as soon thereafter as the Court's calendar permits.

This Administrative Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, and the supporting Declaration of Nitoj P. Singh; as well as all pleadings, papers, and other documentary materials in the Court's file for this action, those matters of which this Court may or must take judicial notice, and such other matters as the Court may consider.

Date: November 12, 2024

**DHILLON LAW GROUP INC.**

By: */s/ Nitoj P. Singh*

Nitoj P. Singh (SBN: 265005)
Anthony J. Fusaro, Jr. (SBN: 345017)
Dhillon Law Group Inc.
177 Post Street, Suite 700
San Francisco, CA 94108
t. 415.433.1700
nsingh@dhillonlaw.com
afusaro@dhillonlaw.com

*Attorneys for Plaintiff*
*National Specialty Pharmacy, LLC*



## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This case is scheduled for trial on May 12, 2025, with the close of fact discovery on November 15, 2024. Plaintiff National Specialty Pharmacy, LLC ("NSP") seeks a brief continuance of the trial date and related deadlines (including the close of fact discovery) because: 1) discovery disputes have arisen that will make it impossible for the parties to complete discovery by the current fact discovery deadline; and 2) counsel for NSP has a trial date conflict. Accordingly, NSP seeks a brief, 21-day continuance of the trial date, and related deadlines.

### II. RELEVANT BACKGROUND

NSP initiated this Action on August 24, 2023 (Dkt. No. 1). Due to its original counsel of record closing his business on account of health issues, the Court granted a stay of proceedings from January 8, 2024 to February 7, 2024 (Dkt. No. 62). NSP's current counsel of record substitute in on January 29, 2024 (Dkt. No. 66). The operative complaint, the Second Amended Complaint, was filed on Juner 3, 2024 (Dkt. No. 83).

On July 2, 2024, this Court issued a Case Management Order (Dkt. No. 90) that set the following schedule for this Action:

**Deadlines**

- Amendments and Joinder June 3, 2024
- Fact Discovery Cutoff November 15, 2024
- Designation of Opening Experts with Reports January 20, 2025
- Designation of Rebuttal Experts with Reports February 10, 2025
- Expert Discovery Cutoff March 7, 2025
- Completion of ADR April 7, 2025
- Filing of Dispositive/Daubert Motion(s) April 7, 2025

**Trial Schedule**

- Joint Pretrial Conference April 8, 2025
- Jury Trial (4 days) May 12, 2025



**A. Discovery**

The parties acted diligently to move the case forward thereafter. Defendant Sameer Padhye ("Padhye") served his first set of discovery requests on July 3, 2024; second set of discovery requests on October 15, 2024; and Rule 30(b)(6) deposition notice as to NSP and a third-party subpoena on November 4, 2024. (Declaration of Nitoj P. Singh in Support (Singh Decl."), ¶2.) NSP served discovery requests on Padhye on August 22, 2024; and served party and third-party deposition notices on October 22, 2024 and October 23, 2024. (*Id.*, ¶3.)

While NSP responded Padhye's first set of discovery requests (responses to the second set are not yet due), and took the deposition of Defendant Benjamin D. Brown ("Brown"), Padhye has now sought to stymie discovery. (*Id.*, ¶4.) On Friday, November 1, 2024, Padhye's counsel stated in an email that NSP failed to properly identify its trade secrets, that discovery could not move forward (despite Padhye already serving two sets of discovery requests), and that he intended seek a protective order early in the week of November 3, 2024 (counsel has not yet provided to NSP its portion of a joint letter required by Magistrate Judge Susan Van Keulen's Standing Order for discovery disputes). (*Id.*, Ex. 1.) In an effort to move this case forward, NSP provided an amended trade secret identification on November 4, 2024, but Padhye still contends that it is insufficient for discovery to move forward. (*Id.*, Ex. 2.)

As Padhye failed to timely move forward with his efforts towards a protective order, and facing the impending fact discovery cutoff, NSP had no choice but to continue with discovery. It sought to take the depositions of third parties Coligomed, Inc. on November 5, 2024 (Coligomed did not timely object, nor appear, the parties are meeting and conferring); Enlil, Inc. on November 6, 2024 (Enlil objected and did not appear, the parties are meeting and conferring); Arista Networks, Inc. on November 7, 2024 (Arista objected and did not appear, the parties are meeting and conferring), and party deposition of Brown on November 8, 2024 (Brown appeared and the deposition was completed). (*Id.*, ¶7.)

NSP had also noticed Padhye's deposition for November 13, 2024; however, on November 8, 2024, Padhye's counsel stated that Padhye would be in India for the week of November 10, 2024, and would not be appearing for his deposition. (*Id.*, ¶8.)

After first promising his portion of Magistrate Judge Van Keulen's required discovery letter



early the week of November 3, 2024, Padhye's counsel expressed that he would be sending Padhye's portion of his discovery letter to NSP by November 11, 2024. (*Id.*, ¶9, Ex. 3.) As of the time this Motion was filed on November 12, 2024, NSP still has not received the long-promised discovery letter. (*Id.*)

Given the current state of discovery, including third party objections to subpoenas that are the subject of ongoing meet and confer efforts, and Padhye's unwillingness to respond to written discovery or appear for a deposition, good cause exists for a continuance of the fact discovery cutoff so that the parties and third parties may resolve their discovery disputes and complete discovery.

**B. Trial Date**

On February 29, 2024, NSP, Padhye, and other then-parties to this Action, submitted a Joint Case Management Conference Statement (Dkt. No. 79) requesting a June 2025 trial date. A June 2025 trial date would be beneficial to NSP's counsel as it currently has a trial scheduled in the Superior Court of California for Santa Clara County from April 28 to May 16, 2024. (Singh Decl., ¶10.) The trial is for an action that was initiated in 2018, and finding an alternative trial date will be difficult given the length of that trial and because the parties have to seek Court approval for a further waiver of California's five-year rule to bring an action to trial under California Code Civ. Proc. § 583.310. (*Id.*)

**C. Meet and Confer Efforts**

NSP first discussed a potential two-week continuation of the trial date with Padhye and Brown on September 10, 2024. (*Id.*, Ex. 4.) At the time both Padhye and Brown confirmed that they were amenable to continuation of the trial date. (*Id.*)

However, after the current discovery disputes, Padhye's counsel has refused to engage in further meaningful meet and confer efforts, including refusing a scheduled November 8, 2024 telephonic meet and confer call. (*Id.*, Ex. 3.) Counsel's position is that there is nothing to discuss until the Court rules on the pending discovery disputes. (*Id.*)

**III. BASIS FOR MOTION**

Pursuant to Federal Rule of Civil Procedure ("FRCP") 16(b)(4), a scheduling order may only be modified "for good cause and with the judge's consent." FRCP 16(b)(4). Generally, good cause will be found where the current schedule cannot be met "despite the diligence of the party seeking the extension." See *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citations and internal

quotation marks omitted).

Good cause exists here as despite NSP's diligence, it cannot complete discovery required to prosecute its claims. Additional good cause exists given NSP's counsel trial date conflicts with another long-existing matter pending in the Superior Court of California for Santa Clara County.

For these reasons, there is good cause to postpone the trial slightly in order to allow the parties to complete discovery and avoid trial conflicts. If the 21-day postponement is granted, NSP believes that the case schedule going forward should be as follows:

**Deadlines**

- Fact Discovery Cutoff December 13, 2024
- Designation of Opening Experts with Reports February 10, 2025
- Designation of Rebuttal Experts with Reports March 3, 2025
- Expert Discovery Cutoff March 28, 2025
- Completion of Further ADR April 21, 2025
- Filing of Dispositive/Daubert Motion(s) April 21, 2025

**Trial Schedule**

- Joint Pretrial Conference May 20, 2025
- Jury Trial (4 days) June 2, 2025

With respect to scheduling, NSP notes that its counsel has another trial scheduled from April 14 to 18, 2025, before the Superior Court of California for Los Angeles County. (Singh Decl., ¶12.)

NSP has not previously requested a continuation of the trial date, or of the fact discovery cutoff. (*Id*., ¶13.)

**IV. CONCLUSION**

NSP appreciates how carefully the Court manages its calendar, and how far out trials may be set. However, NSP cannot properly litigate its case without the requested continuation to complete discovery and accommodate trial conflicts. Accordingly, NSP respectfully requests that the Motion be granted as set forth above.

///

///



Date: November 12, 2024

**DHILLON LAW GROUP INC.**
By: */s/ Nitoj P. Singh*
Nitoj P. Singh (SBN: 265005)
Anthony J. Fusaro, Jr. (SBN: 345017)
Dhillon Law Group Inc.
177 Post Street, Suite 700
San Francisco, CA 94108
t. 415.433.1700
nsingh@dhillonlaw.com
afusaro@dhillonlaw.com

*Attorneys for Plaintiff*
*National Specialty Pharmacy, LLC*

