NITOJ P. SINGH (SBN: 265005)
nsingh@dhillonlaw.com
ANTHONY J. FUSARO, JR. (SBN: 345017)
afusaro@dhillonlaw.com
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, California 94108
Tel: (415) 433-1700
Fax: (415) 520-6593

*Attorneys for Plaintiff*
*National Specialty Pharmacy, LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NATIONAL SPECIALTY PHARMACY, LLC<br><br>   *Plaintiff,*<br><br> vs.<br><br>SAMEER PADHYE, an individual; BENJAMIN D. BROWN, an individual; and DOES 1 to 49, inclusive,<br><br>   *Defendants.* | Case Number: 5:23-cv-04357-PCP<br><br>**DECLARATION OF NITOJ P. SINGH IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION PURSUANT TO N.D. CAL. CIV. L.R. 7-11 TO CONTINUE TRIAL AND ALL TRIAL-RELATED DEADLINES; MEMORANDUM OF POINTS AND AUTHORITIES** |



Declaration of Nitoj P. Singh in Support of Motion to Continue Trial and Trial-Related Deadlines

I, Nitoj P. Singh, hereby declare as follows:

1.    I am a Partner with the Dhillon Law Group Inc., counsel of record for Plaintiff National Specialty Pharmacy, LLC ("NSP").

2.    Defendant Sameer Padhye ("Padhye"), through counsel, served his first set of discovery requests on July 3, 2024; second set of discovery requests on October 15, 2024; and Rule 30(b)(6) deposition notice as to NSP and a third-party subpoena on November 4, 2024.

3.    NSP served discovery requests on Padhye on August 22, 2024; and served party and third-party deposition notices on October 22, 2024 and October 23, 2024.

4.    While NSP responded Padhye's first set of discovery requests (responses to the second set are not yet due), and took the deposition of Defendant Benjamin D. Brown ("Brown"), Padhye has not responded to discovery requests or appeared for his deposition.

5.    Attached hereto as Exhibit 1 is a true and correct copy of a November 1, 2024 email thread from Richard H. Poulson, Padhye's counsel, to me. Mr. Poulson has not provided to me the discovery letter referenced in the email.

6.    In an effort to move this case forward, NSP provided an amended trade secret identification on November 4, 2024, but in a November 4, 2024 email, Mr. Poulson contended that the amended identification was insufficient for discovery to move forward. A true and correct copy of that email is attached hereto as Exhibit 2.

7.    As Padhye failed to timely move forward with his efforts towards a protective order, and facing the impending fact discovery cutoff, I felt I had no choice but to continue with discovery. NSP sought to take the depositions of third parties Coligomed, Inc. on November 5, 2024 (Coligomed did not timely object, nor appear, the parties are meeting and conferring); Enlil, Inc. on November 6, 2024 (Enlil objected and did not appear, the parties are meeting and conferring); Arista Networks, Inc. on November 7, 2024 (Arista objected and did not appear, the parties are meeting and conferring), and party deposition of Brown on November 8, 2024 (Brown appeared and the deposition was completed).

8.    NSP had also noticed Padhye's deposition for November 13, 2024; however, on November 8, 2024, Padhye's counsel stated that Padhye would be in India for the week of November 10, 2024, and would not be appearing for his deposition.



9.    After first promising his portion of Magistrate Judge Van Keulen's required discovery letter early the week of November 3, 2024, Mr. Poulson expressed that he would be sending Padhye's portion of his discovery letter to NSP by November 11, 2024. A true and correct copy of that email thread is attached hereto as Exhibit 3. As of the time this Motion was filed on November 12, 2024, NSP still has not received the long-promised discovery letter.

10.    I currently have a trial scheduled in the Superior Court of California for Santa Clara County from April 28 to May 16, 2024. The trial is for an action that was initiated in 2018, and finding an alternative trial date will be difficult given the length of that trial and because the parties have to seek Court approval for a further waiver of California's five-year rule to bring an action to trial under California Code Civ. Proc. § 583.310.

11.    Attached hereto as Exhibit 4 is a true and correct copy of a selected portions of a September 10, 2024 email thread between myself, Mr. Poulson, and Benjamin Daniel Brown discussing a trial continuance. Non-relevant portions have been omitted.

12.    I humbly request that the Court consider that I have another trial scheduled from April 14 to 18, 2025, before the Superior Court of California for Los Angeles County with any adjustment of the calendar for this Action.

13.    NSP has not previously requested a continuation of the trial date, or of the fact discovery cutoff.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date:   November 12, 2024                    By: _/s/ Nitoj P. Singh_
                                                 Nitoj P. Singh



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



# Exhibit 1

**Nitoj Singh (Dhillon Law)**

| | |
|---|---|
| **From:** | Richard Poulson <rich@richardpoulsonlaw.com> |
| **Sent:** | Friday, November 1, 2024 12:52 PM |
| **To:** | Nitoj Singh (Dhillon Law) |
| **Cc:** | Anthony Fusaro (Dhillon Law) |
| **Subject:** | FW: NSP v. Padhye - Oct 24 ltr |
| **Attachments:** | 2024.08.23-Judge-Pitts-Standing-Order-Regarding-Discovery-Disputes-Not-Referred-to-the-Magistrate-Judge.pdf |

**External Email**

Hi Nitoj –

Absent receiving a legally-compliant trade secret identification today, I'll be submitting a request for a protective order to Judge Pitts early next week. Pursuant to the Court's standing order, the parties are to file a joint letter to the Court. I'll be preparing my portion over the weekend and submitting it to you to prepare your half for submission to the Court.

In addition, as I've mentioned before, there are no grounds for a stipulated protective order regarding your client's production. You've had months to provide the documents or seek such an order from the Court, and cannot hide behind the lack of one to excuse your failure to comply with discovery at this juncture.

- Rich

_____

Richard H. Poulson
Law Office of Richard H. Poulson
The Mansard Building
2233 Santa Clara Avenue, Suite 3
Alameda, California  94501
(510) 747-8034
www.richardpoulsonlaw.com

This e-mail message is confidential, is intended only for the named recipient(s) above, and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not a named recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this message in error, please immediately notify the sender by return e-mail and delete this e-mail message from your computer. Thank you.

**From:** Richard Poulson
**Sent:** Thursday, October 31, 2024 6:28 PM
**To:** Nitoj Singh (Dhillon Law) <nsingh@dhillonlaw.com>
**Cc:** Anthony Fusaro (Dhillon Law) <AFusaro@dhillonlaw.com>
**Subject:** RE: NSP v. Padhye - Oct 24 ltr

Hi Nitoj –

Thanks for your response.  I'm not going to debate the merits any further as I think our points have been made in prior exchanges, but we will be filing a motion for sanctions when appropriate.  When are you going to amend your discovery responses to identify legally-cognizable trade secrets?  This action has been pending for more than a year now so there is no justification delaying this amendment other than to disadvantage the defendants.

- Rich

_____

Richard H. Poulson
Law Office of Richard H. Poulson
The Mansard Building
2233 Santa Clara Avenue, Suite 3
Alameda, California  94501
(510) 747-8034
www.richardpoulsonlaw.com

This e-mail message is confidential, is intended only for the named recipient(s) above, and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not a named recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this message in error, please immediately notify the sender by return e-mail and delete this e-mail message from your computer. Thank you.

---

**From:** Nitoj Singh (Dhillon Law) <nsingh@dhillonlaw.com>
**Sent:** Thursday, October 31, 2024 12:58 PM
**To:** Richard Poulson <rich@richardpoulsonlaw.com>
**Cc:** Anthony Fusaro (Dhillon Law) <AFusaro@dhillonlaw.com>
**Subject:** RE: NSP v. Padhye - Oct 24 ltr

Rich,

Thank you for your letter. We take seriously our ethical obligations, and have conducted diligence in advance of asserting NSP's claims, as should you before asserting your spurious allegations against our client and our firm.

Your first contention is that Mr. Padhye did not misrepresent his pharmaceutical experience to NSP, and that the record is clear via Mr. Padhye's resume that Mr. Padhye had no pharmaceutical experience. However, the parties' correspondence confirms that the parties discussed Mr. Padhye's purported pharmaceutical experience. In an October 9, 2022 email, Mr. Dhawan wrote to Mr. Padhye: "I know you have some biopharma experience." "Biopharma" is obviously short for bio**pharmaceutical**, which makes apparent that the parties did discuss Mr. Padhye's purported pharmaceutical experience. Mr. Padhye didn't respond to that assertion by stating he did not have any pharmaceutical experience, biopharma or otherwise. The full context of the emails unequivocally shows that Mr. Dhawan was arguing that while Mr. Padhye had some pharmaceutical experience, he did not have experience with NSP's compounding pharmaceutical business, so NSP could not pay him what Mr. Padhye was seeking.

With respect to Mr. Padhye's resume, is it your position that resumes always represent a person's full and complete work history? I haven't prepared a resume in some time, would I need to include my first mall job at Lechters when I do? I'll note that Mr. Padhye does not include his most recent time with NSP on his LinkedIn profile (attached). Did he include that NSP experience on the resume he submitted to Arista Networks (the subject of our current subpoena)? Can Mr. Padhye tell future employers that he had compounding pharmacy experience even if he doesn't list NSP on his LinkedIn profile or resume?

2

You also contend that Mr. Padhye never intended to compete with NSP or in the White Card program. Why is it that Mr. Padhye on June 21, 2023, the eve of his resignation, emailed from his NSP email account to his personal Gmail account a spreadsheet containing over 40,000 lines of NSP patient information, specifically patient name, prescription provided, prescribing doctor information, price, cost, and profit margin information. What benefit would that information be for Mr. Padhye if he didn't intend to compete against NSP's pharmacy business? Why would Mr. Padhye risk the serious personal HIPPA liability associated with this conduct unless he thought he could personally profit off this trade secret information? Why did he communicate to Mr. Brown that he intended to compete in the White Card business unless he didn't?

At the mediation you claimed that Mr. Padhye was only emailing himself NSP's trade secret and HIPPA covered information on the eve of resignation because he had "access issues." Miraculously, Mr. Padhye had no "access issues" in the months preceding his resignation, and rarely ever sent emails between his personal and NSP email accounts (aside from travel reservation confirmations). Yet, the day before he resigned, he allegedly had access issues which required him to email himself NSP's most sensitive trade secret information, and information covered by HIPPA. This is, of course, in addition to the trade secret and HIPPA covered information on Monday.com that Mr. Padhye repeatedly accessed after his resignation.

We have yet to hear a compelling, credible explanation for the conduct set forth above, which mirrors conduct I and the courts have seen before in many trade secrets cases. Will you be providing such an explanation? From my vantage point, it appears unequivocally that Mr. Padhye took NSP's trade secret information because he intended to compete with NSP. Discovery will be telling.

On discovery, we will amend our responses to further identify and specify which trade secrets we believe Mr. Padhye misappropriated. We will provide verifications. Of course, the amended responses will not be a surprise to you given the clear paper trail here, unless Mr. Padhye has since engaged in the spoliation of evidence. Have you advised Mr. Padhye of his obligation to preserve all evidence?

On the production of documents, please find attached the requested letter form sent to patients on account of the HIPPA concerns. We had intended to produce additional documents; however, we have yet to hear from you on the proposed protective order, and given the HIPPA issues, it is taking additional time to ensure we are compliant with HIPPA when it comes to our firm's collection and production of HIPPA covered information, as well as the compliance of our outside vendors.

Do you still intend to file a motion for a protective order? Given the above, I think it makes sense to discuss a modification of the scheduling order.

Nitoj
--
**Nitoj P. Singh**
**Partner**
Dhillon Law Group Inc.

177 Post Street, Suite 700
San Francisco, CA 94108

**Email:** nsingh@dhillonlaw.com
**O:** 415.433.1700

_____

3



**From:** Richard Poulson <rich@richardpoulsonlaw.com>
**Sent:** Thursday, October 24, 2024 8:59 PM
**To:** Nitoj Singh (Dhillon Law) <nsingh@dhillonlaw.com>; Anthony Fusaro (Dhillon Law) <AFusaro@dhillonlaw.com>
**Cc:** Daniel Brown <b.d.brown@gmail.com>
**Subject:** NSP v. Padhye - Oct 24 ltr

**External Email**

Please see attached.

_____
Richard H. Poulson
Law Office of Richard H. Poulson
The Mansard Building
2233 Santa Clara Avenue, Suite 3
Alameda, California  94501
(510) 747-8034
www.richardpoulsonlaw.com

This e-mail message is confidential, is intended only for the named recipient(s) above, and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not a named recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this message in error, please immediately notify the sender by return e-mail and delete this e-mail message from your computer. Thank you.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



# Exhibit 2

**Nitoj Singh (Dhillon Law)**

| | |
|---|---|
| **From:** | Richard Poulson <rich@richardpoulsonlaw.com> |
| **Sent:** | Monday, November 4, 2024 11:47 PM |
| **To:** | Nitoj Singh (Dhillon Law); Anthony Fusaro (Dhillon Law); Daniel Brown |
| **Subject:** | NSP v. Padhye, et al. |
| **Attachments:** | NSP v. Padhye - Dhawan Subp.pdf; NSP v. Padhye - PMQ.pdf |

**External Email**

Dear Nitoj –

Thank you for your amended interrogatory response earlier today.  Unfortunately, I still do not believe that you have identified legally-cognizable trade secrets for the same reasons stated earlier (e.g., the referenced "data" and "policies and procedures" are not considered trade secrets) and will accordingly be seeking a protective order from the Court.  Per the Court's standing order, I will forward to you shortly our portion of a joint letter that will in turn be submitted to the Court.

In addition, please find a deposition notice for your client pursuant to Fed.R.Civ.P. 30(b)(6) and a deposition subpoena for Mr. Sanjiv Dhawan.  I am available to discuss the 30(b)(6) per the rule so please let me know your availability and whether you will accept service on behalf of Mr. Dhawan.  These are being served solely to reserve our rights to conduct these depositions should a protective order not be granted and are, in no way, a waiver or our rights to seek such an order or otherwise.

- Rich

_____

Richard H. Poulson
Law Office of Richard H. Poulson
The Mansard Building
2233 Santa Clara Avenue, Suite 3
Alameda, California  94501
(510) 747-8034
www.richardpoulsonlaw.com

This e-mail message is confidential, is intended only for the named recipient(s) above, and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not a named recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this message in error, please immediately notify the sender by return e-mail and delete this e-mail message from your computer. Thank you.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



# Exhibit 3

**Nitoj Singh (Dhillon Law)**

---

| | |
|---|---|
| **From:** | Richard Poulson <rich@richardpoulsonlaw.com> |
| **Sent:** | Friday, November 8, 2024 3:22 PM |
| **To:** | Nitoj Singh (Dhillon Law) |
| **Subject:** | Re: National Specialty Pharmacy v. Padhye, et al., Deposition Subpoenas |

**External Email**

We were going to discuss that this afternoon.  Going forward with the deposition today obviated the need to do any of that.  If we schedule a call at 3 to talk about whether you should burn my house down but you show up at 2 with a flamethrower and have at it, what is there left to discuss?  We can schedule the depositions of our clients and will do so should the Court allow them.  In the meantime, please confirm that you'll accept service for Mr. Dhawan.

Get Outlook for iOS

---

**From:** Nitoj Singh (Dhillon Law) <nsingh@dhillonlaw.com>
**Sent:** Friday, November 8, 2024 2:34:45 PM
**To:** Richard Poulson <rich@richardpoulsonlaw.com>
**Subject:** Re: National Specialty Pharmacy v. Padhye, et al., Deposition Subpoenas

Stipulation for a new discovery cutoff and adjusting the rest of the schedule?

Get Outlook for iOS

---

**From:** Richard Poulson <rich@richardpoulsonlaw.com>
**Sent:** Friday, November 8, 2024 2:29:32 PM
**To:** Nitoj Singh (Dhillon Law) <nsingh@dhillonlaw.com>
**Subject:** RE: National Specialty Pharmacy v. Padhye, et al., Deposition Subpoenas


**External Email**

What else is left to meet and confer about?  I think we've covered everything.

---

Richard H. Poulson
Law Office of Richard H. Poulson
The Mansard Building
2233 Santa Clara Avenue, Suite 3
Alameda, California  94501
(510) 747-8034
www.richardpoulsonlaw.com

This e-mail message is confidential, is intended only for the named recipient(s) above, and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not a named recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this message in error, please immediately notify the sender by return e-mail and delete this e-mail message from your computer. Thank you.

**From:** Nitoj Singh (Dhillon Law) <nsingh@dhillonlaw.com>
**Sent:** Friday, November 8, 2024 2:24 PM
**To:** Richard Poulson <rich@richardpoulsonlaw.com>
**Subject:** Re: National Specialty Pharmacy v. Padhye, et al., Deposition Subpoenas

We won't be producing Mr. Dhawan next week given that your client is not appearing as noticed for his deposition.

It appears from your email that you will not be calling me for the meet and confer. I just want to be clear so that I can free that time if that is the case. If I'm mistaken please let me know.

Get Outlook for iOS

**From:** Richard Poulson <rich@richardpoulsonlaw.com>
**Sent:** Friday, November 8, 2024 2:13:53 PM
**To:** Nitoj Singh (Dhillon Law) <nsingh@dhillonlaw.com>
**Subject:** RE: National Specialty Pharmacy v. Padhye, et al., Deposition Subpoenas

**External Email**

I'm not agreeing to your protective order for the same reasons I'm seeking a protective order. I don't there are real trade secrets at issue. And I'm not aware of any obligation on my part to agree to one before you comply with our discovery requests but if you have authority to the contrary, please share. Otherwise, if you want one, you can seek one with the Court. As far as scheduling, my client will be in India next week but there's no need to discuss rescheduling him until the protective order issue is resolved. If you want to reschedule Mr. Dhawan's or the 30(b)(6), please provide alternative dates.

_____

Richard H. Poulson
Law Office of Richard H. Poulson
The Mansard Building
2233 Santa Clara Avenue, Suite 3
Alameda, California 94501
(510) 747-8034
www.richardpoulsonlaw.com

This e-mail message is confidential, is intended only for the named recipient(s) above, and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not a named recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this message in error, please immediately notify the sender by return e-mail and delete this e-mail message from your computer. Thank you.

**From:** Nitoj Singh (Dhillon Law) <nsingh@dhillonlaw.com>
**Sent:** Friday, November 8, 2024 1:54 PM
**To:** Richard Poulson <rich@richardpoulsonlaw.com>
**Subject:** Re: National Specialty Pharmacy v. Padhye, et al., Deposition Subpoenas

I'd like to discuss the protective order we proposed, and scheduling with the remaining witnesses.

Get Outlook for iOS

---

**From:** Richard Poulson <rich@richardpoulsonlaw.com>
**Sent:** Friday, November 8, 2024 1:34:52 PM
**To:** Nitoj Singh (Dhillon Law) <nsingh@dhillonlaw.com>
**Subject:** RE: National Specialty Pharmacy v. Padhye, et al., Deposition Subpoenas

**External Email**

I wasn't planning on it.  What is there left to discuss?

_____

Richard H. Poulson
Law Office of Richard H. Poulson
The Mansard Building
2233 Santa Clara Avenue, Suite 3
Alameda, California  94501
(510) 747-8034
www.richardpoulsonlaw.com

This e-mail message is confidential, is intended only for the named recipient(s) above, and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not a named recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this message in error, please immediately notify the sender by return e-mail and delete this e-mail message from your computer. Thank you.

---

**From:** Nitoj Singh (Dhillon Law) <nsingh@dhillonlaw.com>
**Sent:** Friday, November 8, 2024 1:34 PM
**To:** Richard Poulson <rich@richardpoulsonlaw.com>
**Subject:** Re: National Specialty Pharmacy v. Padhye, et al., Deposition Subpoenas

Are you still planning to call me at 3pm?

Get Outlook for iOS

---

**From:** Richard Poulson <rich@richardpoulsonlaw.com>
**Sent:** Friday, November 8, 2024 1:29:55 PM
**To:** Nitoj Singh (Dhillon Law) <nsingh@dhillonlaw.com>
**Subject:** RE: National Specialty Pharmacy v. Padhye, et al., Deposition Subpoenas

**External Email**

Hi Nitoj –

You could have easily responded but waited until the last minute.   Last week, you specifically wanted to discuss modifying the scheduling order given my intent to pursue a protective order and that discussion was scheduled for this afternoon.  Why would you need to modify it if you were going to take the depositions as noticed?  Apparently there is no longer a need to extend discovery or have that discussion.  Regardless, please send me the information for the court reporter.

Also, per your request, here is the amended 30(b)(6) notice.  As I mentioned earlier, I will be drafting my portion of the discovery letter to Judge Pitts and sending it to you Monday.

- Rich

_____

Richard H. Poulson
Law Office of Richard H. Poulson
The Mansard Building
2233 Santa Clara Avenue, Suite 3
Alameda, California  94501
(510) 747-8034
www.richardpoulsonlaw.com

This e-mail message is confidential, is intended only for the named recipient(s) above, and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not a named recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this message in error, please immediately notify the sender by return e-mail and delete this e-mail message from your computer. Thank you.

**From:** Nitoj Singh (Dhillon Law) <nsingh@dhillonlaw.com>
**Sent:** Friday, November 8, 2024 12:58 PM
**To:** Richard Poulson <rich@richardpoulsonlaw.com>
**Subject:** RE: National Specialty Pharmacy v. Padhye, et al., Deposition Subpoenas

Rich,

No access credentials were needed to access the building, so none were provided. The deposition was completed in person, and no speakerphone was provided in the conference room. The court reporter did not have a live/zoom feed going. Nor did we indicate in the notice that the deposition was going to be via zoom. Having not received any objections to the depo notice, the deposition continued as noticed. You had an opportunity ask about a remote appearance prior to the deposition, and we would have accommodated. Instead, you waited until 530pm on the eve of the deposition, while I was in transit, to attempt to cancel the depositions.

We have tried to discuss adjusting the schedule with you, but those requests have been rebuffed despite the imminent close of discovery. We had no choice but to take the deposition as noticed, and intend to take the remaining noticed depositions unless we have a court order or stipulation otherwise. Are you finally ready to stipulate to adjusting the scheduling order?

As to the third pard depos, we did not receive a timely objection from Coligomed, and had a court reporter ready to take the deposition but no one appeared. You were copied on the objection from Enlil stating they were not appearing, so that deposition did not move forward. Arista is your client's current employer, and our understanding is that they communicated to you that they would not be appearing for the deposition.

If you would like to have a reasonable discussion about this case and tactics, we are happy to do so, but that means you meaningfully respond to requests regarding scheduling, protective orders regarding confidentiality, and refrain from baseless Rule 11 threats (an unimpressive tactic).

Nitoj
--
**Nitoj P. Singh**
**Partner**
Dhillon Law Group Inc.

177 Post Street, Suite 700
San Francisco, CA 94108

**Email:** nsingh@dhillonlaw.com
**O:** 415.433.1700

_____



---

**From:** Richard Poulson <rich@richardpoulsonlaw.com>
**Sent:** Friday, November 8, 2024 9:58 AM
**To:** Nitoj Singh (Dhillon Law) <nsingh@dhillonlaw.com>
**Subject:** FW: National Specialty Pharmacy v. Padhye, et al., Deposition Subpoenas
**Importance:** High


**External Email**

And you didn't provide access credentials per the notice. So please note on the record my objections to this deposition taking place.

_____
Richard H. Poulson
Law Office of Richard H. Poulson
The Mansard Building
2233 Santa Clara Avenue, Suite 3
Alameda, California 94501
(510) 747-8034
www.richardpoulsonlaw.com

This e-mail message is confidential, is intended only for the named recipient(s) above, and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not a named recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this message in error, please immediately notify the sender by return e-mail and delete this e-mail message from your computer. Thank you.

---

**From:** Nitoj Singh (Dhillon Law) <nsingh@dhillonlaw.com>
**Sent:** Wednesday, October 23, 2024 9:58 PM
**To:** b.d.brown@gmail.com; Richard Poulson <rich@richardpoulsonlaw.com>
**Cc:** Sada Kaita (Dhillon Law) <SKaita@dhillonlaw.com>; Anthony Fusaro (Dhillon Law) <AFusaro@dhillonlaw.com>
**Subject:** RE: National Specialty Pharmacy v. Padhye, et al., Deposition Subpoenas

Please also see the attached.

--
**Nitoj P. Singh**
**Partner**
Dhillon Law Group Inc.

177 Post Street, Suite 700
San Francisco, CA 94108

**Email:** nsingh@dhillonlaw.com
**O:** 415.433.1700



**From:** Nitoj Singh (Dhillon Law)
**Sent:** Wednesday, October 23, 2024 9:20 PM
**To:** b.d.brown@gmail.com; rich@richardpoulsonlaw.com
**Cc:** Sada Kaita (Dhillon Law) <SKaita@dhillonlaw.com>; Anthony Fusaro (Dhillon Law) <AFusaro@dhillonlaw.com>
**Subject:** RE: National Specialty Pharmacy v. Padhye, et al., Deposition Subpoenas

Please find attached a proposed Protective Order. Please let me know if you consent to our filing the same.

--
**Nitoj P. Singh**
**Partner**
Dhillon Law Group Inc.

177 Post Street, Suite 700
San Francisco, CA 94108

**Email:** nsingh@dhillonlaw.com
**O:** 415.433.1700



**From:** Nitoj Singh (Dhillon Law)
**Sent:** Tuesday, October 22, 2024 10:05 PM
**To:** b.d.brown@gmail.com; rich@richardpoulsonlaw.com
**Cc:** Sada Kaita (Dhillon Law) <SKaita@dhillonlaw.com>; Anthony Fusaro (Dhillon Law) <AFusaro@dhillonlaw.com>
**Subject:** National Specialty Pharmacy v. Padhye, et al., Deposition Subpoenas

Please see the attached.

--
**Nitoj P. Singh**
**Partner**
Dhillon Law Group Inc.

177 Post Street, Suite 700
San Francisco, CA 94108

**Email:** nsingh@dhillonlaw.com
**O:** 415.433.1700



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



# Exhibit 4

**Nitoj Singh (Dhillon Law)**

| | |
|---|---|
| **From:** | Richard Poulson <rich@richardpoulsonlaw.com> |
| **Sent:** | Wednesday, September 11, 2024 7:56 AM |
| **To:** | Daniel Brown; Nitoj Singh (Dhillon Law) |
| **Cc:** | Anthony Fusaro (Dhillon Law); Travis Yokoyama (Dhillon Law) |
| **Subject:** | RE: [EXTERNAL]  National Specialty Pharmacy, LLC v. Padhye et al (Case 5:23-cv-04357-PCP) // Request for Extension on Plaintiff's Response to Defendant Padhye's Discovery Requests [IMAN-ACTIVE.FID305511] |

**External Email**

Same here.  Thanks.

_____

Richard H. Poulson
Law Office of Richard H. Poulson
The Mansard Building
2233 Santa Clara Avenue, Suite 3
Alameda, California  94501
(510) 747-8034
www.richardpoulsonlaw.com

This e-mail message is confidential, is intended only for the named recipient(s) above, and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you have received this message in error, or are not a named recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this message in error, please immediately notify the sender by return e-mail and delete this e-mail message from your computer. Thank you.

**From:** Daniel Brown <b.d.brown@gmail.com>
**Sent:** Tuesday, September 10, 2024 4:21 PM
**To:** Nitoj Singh (Dhillon Law) <nsingh@dhillonlaw.com>
**Cc:** Richard Poulson <rich@richardpoulsonlaw.com>; Anthony Fusaro (Dhillon Law) <AFusaro@dhillonlaw.com>; Travis Yokoyama (Dhillon Law) <TYokoyama@dhillonlaw.com>
**Subject:** Re: [EXTERNAL] National Specialty Pharmacy, LLC v. Padhye et al (Case 5:23-cv-04357-PCP) // Request for Extension on Plaintiff's Response to Defendant Padhye's Discovery Requests [IMAN-ACTIVE.FID305511]

I'm good with the ADR and trial date extensions.

Thank you,

Daniel

> On Sep 10, 2024, at 2:33 PM, Nitoj Singh (Dhillon Law) <nsingh@dhillonlaw.com> wrote:

> Rich, Daniel,

We apologize, but had to switch ediscovery vendors. We should be up and running with the new vendor, and be able to produce documents early next week.

Please also find attached a proposed stipulation on the ADR continuance. Please review and let us know if we have your consent to file.

Finally, due to a potential conflict, we would like a two-week continuance of the trial date. Is that something you both would consider?

Best,
Nitoj
--
**Nitoj P. Singh**
**Partner**
Dhillon Law Group Inc.

177 Post Street, Suite 700
San Francisco, CA 94108

**Email:** nsingh@dhillonlaw.com
**O:** 415.433.1700
<image002.png>

<image003.png>

---

**From:** Richard Poulson <rich@richardpoulsonlaw.com>
**Sent:** Monday, September 9, 2024 10:47 AM
**To:** Anthony Fusaro (Dhillon Law) <AFusaro@dhillonlaw.com>; b.d.brown@gmail.com
**Cc:** Nitoj Singh (Dhillon Law) <nsingh@dhillonlaw.com>; Travis Yokoyama (Dhillon Law) <TYokoyama@dhillonlaw.com>; Sanjiv Dhawan <sdhawan@innovatechlaw.com>
**Subject:** RE: [EXTERNAL] National Specialty Pharmacy, LLC v. Padhye et al (Case 5:23-cv-04357-PCP) // Request for Extension on Plaintiff's Response to Defendant Padhye's Discovery Requests [IMAN-ACTIVE.FID305511]


**External Email**

Hi Anthony –

It's been a week but we have not received the documents.  Could you please let me know when we can expect them?  Thanks.

- Rich

_____

Richard H. Poulson
Law Office of Richard H. Poulson
The Mansard Building
2233 Santa Clara Avenue, Suite 3

2