Richard H. Poulson (SBN: 178479)
LAW OFFICE OF RICHARD H. POULSON
The Mansard Building
2233 Santa Clara Avenue, Suite 3
Alameda, California 94501
Telephone:     (510) 747-8034
E-mail:        rich@richardpoulsonlaw.com

Attorneys for Defendant
SAMEER PADHYE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL SPECIALTY PHARMACY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SAMEER PADHYE, *et al.*,<br><br>Defendants. | Case No.: 5:23-CV-4357-PCP<br><br>**DEFENDANT SAMEER PADHYE'S OPPOSITION TO PLAINTIFF NATIONAL SPECIALTY PHARMACY, LLC'S MOTION TO CONTINUE TRIAL AND ALL TRIAL-RELATED DEADLINES** |

Defendant Sameer Padhye ("Defendant") comes now before this Court to oppose Plaintiff National Specialty Pharmacy LLC's ("Plaintiff's") Motion to Continue Trial and All Trial-Related Deadlines as Plaintiff has failed to show any grounds to continue the discovery deadlines in this matter. Defendant does not object, however, to a continuance of the trial date itself.

## **BACKGROUND**

A constant source of disagreement in this action has been Plaintiff's identification of the trade secrets at issue. In a prior order, this Court dismissed the claim under the Defend Trade Secrets Act, 18 U.S.C. § 1836, finding that Plaintiff's designations of the allegedly misappropriated trade secrets did not "clearly refer to tangible trade secrets material as required. Instead, they are "catchall" categories of the kinds of trade secrets that might be at issue. (Dkt. No. 82 at p. 7:3-5.) On November 4, eleven days before the close of fact discovery but after noticing depositions for November 5th-8th, Plaintiff amended yet again this designation. (*See* Declaration of Richard H. Poulson ("RHP Dec.") at Exh. A.)

That same day, Defendant objected to that designation and going forward with the noticed

1  depositions for the same reasons as in the Court's order. (RHP Dec. at Exh. B). Plaintiff responded
2  that the parties should then schedule a time to meet and confer on this issue and that "[g]iven the
3  impending deadlines, we should also discuss scheduling . . . [to avoid a] waste of resources to
4  commit court reporters, conference rooms, and preparing" if Defendant was to seek a protective
5  order. (RHP Dec. at Exh. C.) Counsel then agreed to discuss these issues on November 8th at 3:00
6  p.m. (RHP Dec. at Exh. D.)

7       The depositions noticed for the 5th, 6th, and 7th. did not proceed and, at 5:28 p.m. on
8  November 7th, Defendant e-mailed Plaintiff to confirm that the deposition of co-defendant Daniel
9  Brown was not occurring the next day at 10:00 a.m. in Las Vegas given the parties' scheduled
10 telephonic conference that afternoon at 3 p.m. to discuss Defendant's objections to these depositions.
11 (RHP Dec. at Exh. E.)

12      Plaintiff did not respond until 9:49 a.m. the next day, mere minutes before the deposition was
13 to begin and 16 hours after receiving the e-mail. (RHP Dec. at Exh. F.) Plaintiff stated that the
14 deposition of Mr. Brown would in fact proceed absent a Court order or stipulation (unlike the
15 previously-noticed depositions and in spite of the parties' scheduled call that afternoon regarding
16 whether the depositions should go forward at all). (*Id*.) Despite Defendant's phone calls, texts, and
17 e-mails in an attempt to participate by speakerphone, Plaintiff did not respond until after completing
18 the deposition, thus depriving Plaintiff of any cross-examination of the witness. (RHP Dec. at ¶ 11.)

19      At that point, the only depositions to be completed before the fact discovery deadline were of
20 Defendant and Mr. Sanjiv Dhawan (the owner of Plaintiff both in his individual capacity and as a
21 corporate representative). After being informed that Defendant was out of the country and unavailable
22 on the date noticed, Plaintiff stated that in light of Defendant's unavailability it would be withdrawing
23 Mr. Dhawan's availability. (RHP Dec. at Exh. G.).

24 //

# ARGUMENT.

Defendant respectfully requests that this Court deny Plaintiff's request to extend the discovery deadlines for three reasons, each of which provides sufficient grounds for the denial.

## I. There is no reason to extend discovery.

A fundamental reason this Court should deny Plaintiff's request to extend the discovery deadlines is a lack of a reason to do so. Plaintiff failed to identify any discovery it wishes to take (other than what was propounded prior to the deadline which is the subject of a separate Joint Statement). Moreover, Plaintiff failed to identify why it was unable to conduct this unspecified discovery prior to the cutoff. As a result, Plaintiff has simply failed to provide the Court with any specific reason to re-open fact discovery in this matter.

## II. Plaintiff has not been diligent in participating, much less pursing, discovery.

While Plaintiff claims to be diligent in its pursuit of discovery in this case, the record demonstrates otherwise. Plaintiff has objected to every discovery request served on it on the grounds that a protective order was needed to protect the alleged trade secrets at issue. (*See e.g.* RHP Dec. at Exh. I.) Plaintiff did not seek such an order from the Court prior to the fact discovery deadlines and, as a result, it has refused to produce *any* documents in response to Defendant's discovery requests, even those which do not contain any alleged trade secrets.

Defendant has thus been deprived of any documentary evidence regarding the secrets he is to have misappropriated; when and how the alleged misappropriation took place; the steps Plaintiff took to protect the alleged trade secrets; the economic value of the alleged trade secrets; the alleged damages claimed; and so on. Moreover, Plaintiff withdrew its witnesses after Defendant's counsel noted his unavailability yet it failed to explain why those two events are connected. Plaintiff has simply refused to provide any substantive, evidentiary support for its claims or produced witnesses in an extended game of "hide the ball" that has permeated this litigation. Moreover, while Plaintiff claims Defendant did not respond to discovery requests that is also not true. (Declaration of Nitoj P. Singh in Support of Plaintiff's Administrative Motion to Continue Trial and All Trial-Related Deadlines at ¶ 4; RHP Dec. at Exh. H.) ¶

### III. **Plaintiff has not identified legally-cognizable trade secrets.**

Defendant's objection to Plaintiff's attempts to conduct discovery apply to its attempt to extend discovery as well. Plaintiff continues to fail to identify legally-cognizable trade secrets under the DTSA. Instead, it has identified categories largely of "data" regarding Plaintiff's customers, health care providers, and financials; one consisting of "contracts and negotiated pricing"; a "White Card Market Analysis" which also consists various data; and a "confidential policies and procedures manual" (which is presumably different than the "At-Will Employment, Confidential Information, and Invention Assignment Agreement" attached to the publicly-filed Second Amended Complaint). (Dkt. No. 83, Exh. 4; RHP Dec. at Exh. A.).

These designations, however, are essentially the same "catchall categories of kinds of trade secrets rather than tangible trade secret material" as this Court previously ruled. Nor are they the technological or technical secrets that would need to be filed under seal. "[A]llegations that set out proposed trade secrets in broad, categorical terms that are merely descriptive of types of information that generally *may* qualify as protectable trade secrets are insufficient to state a claim." (*Beluca Ventures LLC v. Einride Aktiebolag*, 660 F.Supp. 3d 898, 907 (N.D. Cal. 2023); see also *CleanFish, LLC v. Sims*, No. 19-CV-03663-HSG, 2020 WL 1274991, at *9 (N.D. Cal. Mar. 17, 2020) (finding "detailed customer lists, customer purchasing data, customer sales figures and other related customer purchasing analysis and trends" too general to identify a trade secrets.).) Plaintiff's use of catch phrases such as "including" and "such as" do not clearly refer to tangible trade secret material and a description of a category, or even of a subcategory of information within a category, does not comply with the requirement that it designate the actual matter that is claimed to be a trade secret.

In addition, Plaintiff has not pointed to the documents that purportedly contain the trade secret material; has not identified the name of the files allegedly containing the trade secret materials; has not provided a privilege log to list those files; and has not even requested that Mr. Padhye return the allegedly misappropriated secrets. Accordingly, given the inadequacy of Plaintiff's trade secret identification, this Court should deny Plaintiff's request to extend the discovery deadlines currently in place.

## IV. No conflicts regarding trial dates.

Plaintiff identified two conflicts it claims warrant an extension of the trial dates: a trial scheduled from April 28 to May 16, 2024, and another from April 14th to 18th, 2025. (Singh Dec. at ¶¶10, 12.)  As the first trial was scheduled for last year and this trial is scheduled for May 12, 2025 there are no direct conflicts in Plaintiff's counsel trial schedule.  The undersigned, however, currently has a trial scheduled for April 21, 2025 in the Superior Court for Alameda County and therefore does not object to a continuance of the trial date alone but, as noted above, objects to any attempt to re-open discovery.

## CONCLUSION

For the reasons stated above, Defendant respectfully requests that this Court deny Plaintiff's request to extend the discovery deadlines in this matter but does not object to a continuance of the trial date.

DATE:          November 16, 2024                    LAW OFFICE OF RICHARD H. POULSON

By:  /s/ Richard H. Poulson
     ATTORNEY FOR
     DEFENDANT SAMEER PADHYE

# CERTIFICATE OF SERVICE

I, Richard H. Poulson, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 2233 Santa Clara Avenue, Suite 3, Alameda, California 94501. On November 16, 2024, I served the following document(s) on the parties in the within action:

**DEFENDANT SAMEER PADHYE'S OPPOSITION TO PLAINTIFF NATIONAL SPECIALTY PHARMACY, LLC'S MOTION TO CONTINUE TRIAL AND ALL TRIAL-RELATED DEADLINES**

**DECLARATION OF RICHARD H. POULSON IN SUPPORT OF DEFENDANT SAMEER PADHYE'S OPPOSITION TO PLAINTIFF NATIONAL SPECIALTY PHARMACY LLC'S MOTION TO CONTINUE TRIAL AND ALL TRIAL-RELATED DEADLINES.**

**[PROPOSED] ORDER**

| X | **VIA E-MAIL:** I attached the above-described document(s) to an e-mail message, and invoked the send command to transmit the e-mail message to the person(s) at the e-mail address(es) listed below. |
|---|---|

Nitoj P. Singh
Dhillon Law Group
177 Post Street, Suite 700
San Francisco, CA 94108
nsingh@dhillonlaw.com
afusaro@dhillonlaw.com
Attorney For Plaintiff
NATIONAL SPECIALTY
PHARMACEUTICALS, LLC

Daniel Brown
b.d.brown@gmail.com
Pro Se

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on November 16, 2024.

By:   Richard H. Poulson