Nitoj P. Singh (SBN 265005)
nsingh@dhillonlaw.com
Anthony J. Fusaro, Jr. (SBN 345017)
afusaro@dhillonlaw.com
**DHILLON LAW GROUP INC.**
177 Post Street, Suite 700
San Francisco, CA 94108
Tel. 415.433.1700

*Attorneys for Plaintiff*
*National Specialty Pharmacy, LLC*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL SPECIALTY PHARMACY, LLC <br><br> Plaintiff, <br><br> vs. <br><br> SAMEER PADHYE, an individual, <br><br> Defendant. | Case Number: 5:23-CV-4357-NW <br><br> **JOINT CASE MANAGEMENT CONFERENCE STATEMENT FOR PLAINTIFF NATIONAL SPECIALTY PHARMACY, LLC AND DEFENDANT SAMEER PADHYE** <br><br> Hearing Date: May 20, 2025 <br> Hearing Time: 9:00 am <br> Courtroom: Zoom <br> Judge: Hon. Noel Wise |

Plaintiff National Specialty Pharmacy, LLC ("Plaintiff" of "NSP") and Defendant Sameer Padhye ("Mr. Padhye") submit this Joint Case Management Conference Statement pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

### 1.     Jurisdiction & Service

This Court has subject matter jurisdiction over the claims set forth in NSP's Amended Complaint (ECF 7) pursuant to 28 U.S.C. § 1331 and 28 U.S.C. 1369.  Specifically, the Court has federal question jurisdiction over NSP's claims under the federal Defend Trade Secrets Act ("DTSA"), and supplemental jurisdiction over NSP's state law claims.

### 2.     Facts

NSP alleges that four of its former employees—Mr. Padhye, Sana Bridges, Rayne Bridges, and Benjamin Brown—breached their contracts with, and duties to, NSP during and after their employment with the company.  It claims that the four conspired to convert NSP's property, transfer it to another business started by Mr. Padhye (Taycann Wellness), and compete with NSP.  NSP seeks to hold Mr. Padhye responsible for misappropriating its trade secrets, along with a host of other claims.

Mr. Padhye denies any wrongdoing, and disputes NSP's allegations in full.

### 3.     Legal Issues

NSP has asserted the following claims against Mr. Padhye (ECF 83):  (a) fraud (Count I); (b) breach of contract (Count III); (c) tortious interference (Count V); (d) misappropriation of trade secrets under the federal Defend Trade Secrets Act, 18 U.S.C. § 1836 ("DTSA") (Count VI); and (e) unfair business practices under California Business and Professions Code §§ 17200, et seq. (Count VII).  Mr. Padhye has answered the Second Amended Complaint.  See ECF 89.

### 4.     Motions

No motions are currently pending.  By the time of this conference, Mr. Padhye will have filed a motion pursuant to Fed.R.Civ.P. 11 seeking both the dismissal of the action in its entirety

as well as for sanctions on the grounds that the claims and contentions asserted by NSP lack both legal and factual support. NSP disputes that Mr. Padhye is entitled to such relief.

**5. Amendment of Pleadings**

The parties do not anticipate further amending any pleadings or filing new pleadings.

**6. Evidence Preservation**

NSP and Mr. Padhye have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). They have instituted a litigation hold designed to preserve evidence relevant to the issues in the case.

**7. Disclosures**

NSP and Mr. Padhye have met and conferred pursuant to Fed. R. Civ. P. 26(f), and served initial disclosures.

**8. Discovery**

The Court has entered a Protective Order to protect the confidentiality of documents produced in discovery. See ECF 111.

The parties have completed fact discovery, and request a modification of the expert discovery schedule so that they may engage in a further mediation on June 23, 2025 in advance of incurring expert fees. The parties request the following expert discovery schedule:

Opening Reports Due:    July 11, 2025;

Rebuttal Reports Due:    August 1, 2025; and

Close of Expert Discovery:    August 15, 2025.

The parties do not request any other limitations or modifications of the discovery rules.

**9. Class Actions**

This is not a class action.

**10. Related Cases**

NSP has filed suit against Maybelline Sana and Rayne Bridges in the United States District Court for the District of Nevada, Case no. 2:25-cv-00295-CDS-MDC. The Nevada action is based on the same underlying facts as this Action.

**11.    Relief**

**NSP's Position**

Plaintiff's Second Amended Complaint seeks: (1) temporary, preliminary, and permanent injunctive relief against Mr. Padhye requiring him and all those acting in concert with him to return NSP's trade secrets and confidential information and prohibiting him and all those acting in concert with him from continuing their misappropriation of NSP's trade secrets and misuse of NSP's confidential information; (2) general damages according to proof, specific damages, compensatory damages, incidental damages, and consequential damages according to proof at trial; (3) punitive damages by statute, and in the court's discretion unspecified monetary damages and injunctive relief; (4) Plaintiff's attorneys' fees and all other legal costs; (5) any interest accrued; and (6) any such other relief as the Court shall deem proper.

**Mr. Padhye's Position**

Mr. Padhye denies that he is liable to NSP under any theory of recovery or in any amount. There is no evidence that Mr. Padhye misappropriated or used any of the alleged confidential information or the alleged trade secrets at issue, and there is no evidence that NSP experienced any harm as a result.

**12.    Settlement and ADR**

The undersigned counsel have discussed the various ADR options with their respective clients, and the respective clients have reviewed the "Alternative Dispute Resolution Procedures Handbook."

The parties have held an initial mediation on October 17, 2024.

The parties have scheduled a second mediation for June 23, 2025.

**13.    Other References**

The parties do not consent to a magistrate judge.

**14.    Narrowing of Issues**

**NSP's Position**

The issues in this case cannot be narrowed by agreement. The parties will confer prior to trial to attempt to expedite the admission of evidence through stipulation.

**Mr. Padhye's Position**

Mr. Padhye does not currently anticipate any request to bifurcate issues, claims, or defenses.

**15.  Scheduling**

The undersigned parties request the following further schedule:

| | |
|---|---|
| Opening Expert Reports: | July 11, 2025; |
| Rebuttal Expert Reports: | August 1, 2025 |
| Close of Expert Discovery: | August 15, 2025 |

The following dates have already been set by the Court:

| | |
|---|---|
| Pretrial Conference: | August 19, 2025; |
| Jury Selection: | September 8, 2025l |
| Jury Trial: | September 8, 10, 12, 2025 |

The undersigned parties do not believe that this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

**16.  Trial**

The parties have consented to the above-stated jury trial schedule.

**17.  Disclosure of Non-party Interested Entities or Persons**

The undersigned parties have filed their Certification of Interested Entities or Persons.

**18.  Professional Conduct**

Counsel for the undersigned parties have reviewed the Guidelines for Professional Conduct for the Northern District of California and will abide by them in this litigation.

**19.  Other**

None.

///

| | |
|---|---|
| Dated: May 6, 2025 | **DHILLON LAW GROUP INC.** |
| | */s/ Nitoj P. Singh* |
| | Nitoj P. Singh (SBN 265005) |
| | Anthony J. Fusaro, Jr. (SBN 345017) |
| | Dhillon Law Group Inc. |
| | 177 Post Street, Suite 700 |
| | San Francisco, CA 94108 |
| | Tel. 415.433.1700 |
| | nsingh@dhillonlaw.com |
| | afusaro@dhillonlaw.com |
| | *Attorneys for Plaintiff* |
| | *National Specialty Pharmacy, LLC* |
| Dated: May 6, 2025 | **LAW OFFICE OF RICHARD H. POULSON** |
| | /s/ Richard H. Poulson |
| | Richard H. Poulson |
| | Law Office of Richard H. Poulson |
| | The Mansard Building |
| | 2233 Santa Clara Avenue, Suite 3 |
| | Alameda, California 94501 |
| | T: (510) 747-8034 |
| | rich@richardpoulsonlaw.com |
| | *Attorneys for Defendant Sameer Padhye* |