Richard H. Poulson (SBN: 178479)
LAW OFFICE OF RICHARD H. POULSON
The Mansard Building
2233 Santa Clara Avenue, Suite 3
Alameda, California  94501
Telephone:      (510) 747-8034
E-mail:         rich@richardpoulsonlaw.com

Attorneys for Defendant
SAMEER PADHYE

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NATIONAL SPECIALTY PHARMACY, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>SAMEER PADHYE,<br><br>        Defendant. | Case No.: 5:23-CV-4357-NW<br><br>**DEFENDANT SAMEER PADHYE'S NOTICE OF MOTION AND MOTION PURSUANT TO N.D. CAL. CIVIL L.R. 7-9 FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Trial Date:   September 15, 2025 |

- 1 -
**DEFENDANT SAMEER PADHYES'S MOTION PURSUANT TO L.R. 7-9
FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT, pursuant to Rule 7-9 of the Civil Local Rules of the Northern District of California, Defendant Sameer Padhye ("Defendant"), by and through his counsel of record, hereby moves this Court for leave to file a motion for reconsideration of this Court's denial of the parties' stipulated request to continue the dispositive motion deadline.  This Motion is made on the grounds that, pursuant to L.R. 7-9 and Rule 54(b) of the Federal Rules of Civil Procedure, there exists good cause necessitating the grant of leave to seek such reconsideration as well as the continuation of the deadline to file dispositive motions.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, and the supporting Declaration of Richard H. Poulson, as well as all pleadings, papers, and other documentary material in the Court's file for this action, those matters of which this Court may or must take judicial notice, and such other matters the Court may consider.

DATED: May 22, 2025

LAW OFFICE OF RICHARD H. POULSON


By:  /s/ Richard H. Poulson
     RICHARD H. POULSON
     Attorney for Defendant
     SAMEER PADHYE

## I. REL.EVANT BACKGROUND.

On November 22, 2024, while this action was before Judge Pitts, the Court entered a Case Management Order setting the deadline to complete expert discovery for March 28, 2025 and the deadline to file dispositive motions for April 24, 2025. (Dkt. No. 108.) On December 20, 2024, the parties submitted to Judge Pitts a stipulation and proposed order requesting that the deadline to begin expert discovery be re-set for May 3, 2025, and that the deadline for dispositive motions be re-set for June 21, 2025. (*See* Declaration of Richard H. Poulson In Support of Defendant Sammer Padhye's Motion for Leave to File Motion for Reconsideration("Poulson Decl.") at ¶ 2.)  Defense counsel then sent a follow-up email to Judge Pitts on February 10, 2025 inquiring as to the status of the stipulation. ("Poulson Decl. at ¶ 3.)  Subsequently this matter was transferred to Your Honor. (Dkt. No. 112.)

The deadline to serve opening expert reports as set by the Court (March 3) and as proposed by the parties (May 3) came and went without either party serving reports.  The parties nevertheless agreed to a new set of deadlines for expert discovery which the Court approved. (Dkt. No. 118.)  The parties did not, however, re-raise their pending stipulated request to modify the dispositive motion deadline in particular.  In an attempt to rectify the situation, an additional stipulation and proposed order modifying that deadline was submitted to the Court but denied. (Dkt. No. 120.)

Counsel for both parties have met and conferred via e-mail and telephonically and Plaintiff's counsel confirmed that he does not oppose the modification of the deadline, and the parties have agreed to a hearing date for any dispositive motions which (at the time of this writing) is still available on the Court's calendar. (*See* Poulson Decl. at ¶ 4.)

## II. MEMORANDUM OF POINTS AND AUTHROTIES

Defendant seeks leave to file a motion for reconsideration on the grounds that the parties previously requested modification of the dispositive motion deadline when the matter was before Judge Pitts; that there remains no opposition to the relief requested; that the requested modification does not conflict or interfere with the other deadlines set in the matter; and that while no prejudice will result from the granting of the requested relief, denial will cause Defendant of his opportunity to resolve this matter without trial.

//

A. <u>The parties previously requested the deadline modification.</u>

Defendant seeks leave to file a motion for reconsideration under L.R. 7-9(b)(3) as it appears the Court, due to the re-assignment of the action, may not have considered the parties' prior stipulation submitted before Judge Pitts when it denied the parties' more recent request. And while, in hindsight, it would have been the better practice for the parties to re-raise the pending stipulation before submitting another one, Defendant humbly requests that this Court grant the leave requested here so that the parties may be given an opportunity to seek modification of that dispositive motion deadline.

B. <u>No prejudice will result from granting the requested relief</u>.

No prejudice will result from granting the relief requested herein. The parties previously agreed to this deadline in December 2024, proposed it to the Court, and acted in accordance with that deadline up until May 20, 2025 when Plaintiff's counsel stated that the deadline had passed. Shortly after the Case Management Conference, Plaintiff's counsel nevertheless agreed to the June 21, 2025 deadline as long as the parties agreed to a hearing date (which they did). (*See* Poulson Decl. at ¶ 4.)

Moreover, granting leave to file a Motion for Reconsideration (or extending the dispositive motion deadline itself) would not conflict or interfere with any of the other dates set by this Court. Defendant himself, however, would suffer great prejudice as he would be deprived of seeking the summary disposition of this matter which he contends is baseless.

### III.    CONCLUSION

WHEREFORE, for the reasons stated above and in the supporting papers, Defendant Sameer Padhye requests that this Court grant him leave to file a Motion for Reconsideration of this Court's denial of the request to modify the dispositive motion deadline.

DATED: May 22, 2025

                                                    LAW OFFICE OF RICHARD H. POULSON

                                                    By:  /s/ Richard H. Poulson
                                                          RICHARD H. POULSON
                                                          Attorney for Defendant
                                                          SAMEER PADHYE

**DEFENDANT SAMEER PADHYES'S MOTION PURSUANT TO L.R. 7-9
FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**